UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERTO E. CALLE GRACEY, on behalf of himself and all others similarly situated, | Case No. 07 Civ. 6377 (SAS) |
| | **ECF Case** |
| Plaintiff, | |
| v. | |
| | JURY TRIAL DEMANDED |
| AMARANTH ADVISORS, LLC, NICHOLAS M. MAOUNIS, J.P. MORGAN CHASE & CO., and JOHN DOES NOS. 1-10, | |
| Defendants. | |
| JOHN F. SPECIAL, on behalf of himself and all others similarly situated, | Case No. 07 Civ. 7181 (SAS) |
| | **ECF Case** |
| Plaintiff, | |
| v. | |
| | JURY TRIAL DEMANDED |
| AMARANTH ADVISORS, L.L.C., AMARANTH LLC, AMARANTH GROUP INC., AMARANTH INTERNATIONAL LIMITED, AMARANTH PARTNERS LLC, AMARANTH CAPITAL PARTNERS LLC, AMARANTH ADVISORS (CALGARY) ULC, NICHOLAS M. MAOUNIS, BRIAN HUNTER, MATTHEW DONOHOE, ALX ENERGY, INC., JAMES DeLUCIA, J. P. MORGAN FUTURES, INC., and J. P. MORGAN CHASE & CO., | |
| Defendants. | |

## <u>NOTICE OF MOTION</u>

C O U N S E L O R S:

PLEASE TAKE NOTICE that, upon the Affidavit of Louis F. Burke sworn to August 22,

2007 and annexed hereto, and the exhibits annexed thereto, and plaintiffs' Memorandum of Law

submitted herewith, and upon all the pleadings and proceedings heretofore had herein, plaintiffs

Roberto E. Calle Gracey and John Special will move this Court pursuant to Fed. R. Civ. P. 23(g),

at the United States Courthouse, 500 Pearl Street, New York, New York, at a date and time to be

established by the Court, for the entry of Pre-Trial Order No. 1 in the form annexed to the within

Affidavit of Louis F. Burke as Exh. 1, and for such other and further relief as to the Court may

seem just and proper.

Dated: New York, New York
      August 22, 2007

                                        Respectfully submitted,

                                        LOUIS F. BURKE, P.C.

                                        By: Louis F. Burke, Esq. (LB-4686)
                                        460 Park Avenue, 21st Floor
                                        New York, New York 10022
                                        212-682-1700

                                        LOWEY DANNENBERG BEMPORAD
                                         SELINGER & COHEN, P.C.
                                        By: Vincent Briganti, Esq. (VB-1497)
                                        Geoffrey Horn, Esq. (GH-4179)
                                        One North Broadway
                                        White Plains Plaza, 5th Floor
                                        White Plains, New York 10601
                                        914-997-0500

                                        *Attorneys for Plaintiffs and*
                                        *Proposed Co-Lead Counsel*

TO:    Geoffrey F. Aronow, Esq.
        Heller Ehrman LLP
        1717 Rhode Island Avenue, N.W.
        Washington, D.C. 20036

        *Attorney for Defendant Nicholas Maounis*

        Mark F. Pomerantz, Esq.
        Eric S. Goldstein, Esq.
        Daniel J. Toal, Esq.
        Paul, Weiss, Rifkind, Wharton & Garrison LLP
        1285 Avenue of the Americas
        New York, New York 10019

        *Attorney for Defendant JPMorgan Chase & Co.*

        Steven M. Schwartz, Esq.
        Winston & Strawn LLP
        200 Park Avenue
        New York, New York 10166

        *Attorney for Defendant Amaranth Advisors L.L.C.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERTO E. CALLE GRACEY, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMARANTH ADVISORS, LLC, NICHOLAS M. MAOUNIS, J.P. MORGAN CHASE & CO., and JOHN DOES NOS. 1-10,<br><br>Defendants. | Case No. 07 Civ. 6377 (SAS)<br><br>**ECF Case**<br><br><br><br>JURY TRIAL DEMANDED |
| JOHN F. SPECIAL, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMARANTH ADVISORS, L.L.C., AMARANTH LLC, AMARANTH GROUP INC., AMARANTH INTERNATIONAL LIMITED, AMARANTH PARTNERS LLC, AMARANTH CAPITAL PARTNERS LLC, AMARANTH ADVISORS (CALGARY) ULC, NICHOLAS M. MAOUNIS, BRIAN HUNTER, MATTHEW DONOHOE, ALX ENERGY, INC., JAMES DeLUCIA, J. P. MORGAN FUTURES, INC., and J. P. MORGAN CHASE & CO.,<br><br>Defendants. | Case No. 07 Civ. 7181 (SAS)<br><br>**ECF Case**<br><br><br><br>JURY TRIAL DEMANDED |

**AFFIDAVIT OF LOUIS F. BURKE**

STATE OF NEW YORK    )
                        ) Ss.
COUNTY OF NEW YORK  )

LOUIS F. BURKE, being sworn, deposes and says:

    1.    I am a member of the bar of this Court and am the principal of Louis F. Burke,

P.C., one of the attorneys for plaintiff.  I respectfully submit this Affidavit in support of

plaintiff's motion for the entry of Pre-Trial Order No. 1.

    2.    Annexed hereto as Exhibit 1 is proposed Pre-Trial Order No. 1.

    3.    Annexed hereto as Exhibit 2 is a true copy of the firm biography of Louis F.

Burke, P.C.

    4.    Annexed hereto as Exhibit 3 is a true copy of the firm biography of Lowey

Dannenberg Bemporad Selinger & Cohen, P.C.

    5.    Annexed hereto as Exhibit 4 is a true copy of the Pre-Trial Order No. 1 entered in

In re Natural Gas Commodity Litig., No. 03-Civ. 6186 (VM) (S.D.N.Y.).

    WHEREFORE, for the reasons set forth in the accompanying Memorandum of Law,

plaintiff respectfully requests that the Court grant the instant motion, enter Pre-Trial Order No. 1

in the form annexed hereto, and grant such other and further relief as to the Court may seem just

and proper.

                                        LOUIS F. BURKE

Sworn to before me this
22nd day of August, 2007

NOTARY PUBLIC

LESLIE WYBIRAL
NOTARY PUBLIC - STATE OF NEW YORK
NO. 02WY6155591
QUALIFIED IN NEW YORK COUNTY
MY COMMISSION EXPIRES NOV. 13, 2010

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERTO E. CALLE GRACEY, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>   v.<br><br>AMARANTH ADVISORS, LLC, NICHOLAS M. MAOUNIS, J.P. MORGAN CHASE & CO., and JOHN DOES NOS. 1-10,<br><br>      Defendants. | Case No. 07 Civ. 6377 (SAS)<br><br>**ECF Case**<br><br><br><br>JURY TRIAL DEMANDED |
| JOHN F. SPECIAL, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br><br>   v.<br><br>AMARANTH ADVISORS, L.L.C., AMARANTH LLC, AMARANTH GROUP INC., AMARANTH INTERNATIONAL LIMITED, AMARANTH PARTNERS LLC, AMARANTH CAPITAL PARTNERS LLC, AMARANTH ADVISORS (CALGARY) ULC, NICHOLAS M. MAOUNIS, BRIAN HUNTER, MATTHEW DONOHOE, ALX ENERGY, INC., JAMES DeLUCIA, J. P. MORGAN FUTURES, INC., and J. P. MORGAN CHASE & CO.,<br><br>      Defendants. | Case No. 07 Civ. 7181 (SAS)<br><br>**ECF Case**<br><br><br><br>JURY TRIAL DEMANDED |

## [PROPOSED] PRETRIAL ORDER NO. 1

  **WHEREAS**, the above captioned actions are presently pending before this Court;

  **WHEREAS**, in order to promote judicial economy and avoid duplication, the Court finds

that it would be appropriate to provide for the consolidation of the above-captioned actions and

any related actions filed or transferred to this Court after the date of this Order ("Consolidated Action") for pre-trial purposes and for an organization of Plaintiffs' counsel to coordinate the efforts of counsel in the Consolidated Action.

**ACCORDINGLY**, and for Good Cause Shown,

**IT IS HEREBY ORDERED THAT:**

## I.    <u>CONSOLIDATION OF ACTIONS</u>

1.     The following actions are hereby consolidated for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure: *Roberto E. Calle Gracey v. Amaranth Advisors LLC, et al.*, Case No. 07 Civ. 6377, and *John F. Special v. Amaranth Advisors L.L.C.,* Case No. 07 Civ. 7181. The current actions and those of a like nature that may be consolidated with the current actions are collectively referred to as "IN RE: AMARANTH NATURAL GAS COMMODITIES LITIGATION," Master File No. 07 Civ. 6377 (SAS).

2.     This Order is made without prejudice to the right of any party to apply for appropriate relief in, or with respect to, the consolidated Action.

## II.    <u>MASTER DOCKET AND SEPARATE ACTION DOCKETS</u>

1.     A Master Docket is hereby established for the proceedings both in the actions consolidated herein and in all other cases subsequently consolidated herewith (hereinafter, "the consolidated actions"). Entries in said Master Docket shall be applicable to these consolidated actions as more fully set forth below. Separate dockets shall also be maintained for each of these consolidated actions, and entries shall be made therein in accordance with the regular procedures of the Clerk of this Court, except as modified by this Order.

2.     When a pleading is filed and the caption, pursuant to Section VI, infra, shows that it is to be applicable to "All Actions," the Clerk shall file such pleading in the Master File and note such filing in the Master Docket. No further copies need be filed, nor docket entries made.

### III.    MASTER FILE AND SEPARATE ACTION FILES

A Master File is hereby established for these consolidated actions. The Master File shall be Civil Action No. 07 Civ. 6377. The original of this Order shall be filed by the Clerk in the Master File herein established. The Clerk shall maintain a separate file for each of these consolidated actions and filings shall be made therein in accordance with the regular procedures of the Clerk of this Court. The Clerk shall file a copy of this Order in each such separate file. The Clerk shall mail a copy of this Order to counsel of record in each of these consolidated cases.

### IV.    NEWLY FILED OR TRANSFERRED ACTIONS

1.    When a case that relates to the same subject matter as these actions is hereafter filed in this Court or transferred here from another court, the Clerk of this Court shall:

    a.    File a copy of this Order in the separate file for such action.

    b.    Mail a copy of the Order of assignment to counsel for plaintiffs and counsel for each defendant in the actions consolidated herewith.

    c.    Make an appropriate entry in the Master Docket.

    d.    Mail to the attorneys for the plaintiff(s) in the newly filed or transferred case a copy of this Order.

    e.    Upon the first appearance of any new defendant(s) mail to the attorneys for the defendant(s) in such newly filed or transferred case a copy of this Order.

2.    Counsel for plaintiffs and defendants in the consolidated actions shall cooperate in calling to the attention of the Clerk any newly filed or transferred case.

**V.     APPLICATION OF THIS ORDER TO SUBSEQUENTLY FILED CASES**

This Order shall apply to each case alleging claims similar to those set forth in these consolidated actions, which is filed in or transferred to this Court after the date of this Order, unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within fifteen (15) days after the date on which the Clerk mails a copy of this Order to counsel for that party.

**VI.     CAPTIONS OF CASES**

1.     Every pleading filed in these consolidated actions or in any separate action included therein, shall bear the following caption:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: AMARANTH NATURAL GAS COMMODITIES LITIGATION | MASTER FILE NO. 07-CV-6377 |
| This Document Relates To: | |

2.     When a pleading is intended to be applicable to all actions to which this Order is applicable, the words, "All Actions" shall appear immediately after the words, "This Document Relates To:" in the caption set out above.  When a pleading is intended to be applicable only to some, but not all, of such actions, this Court's docket number for each individual action to which the pleading is intended to be applicable and the name of the named plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption described above, *e.g.*, "Civil Action No. 07-_____."

## VII.   **FILING AND DOCKETING**

1.      When a paper is filed and the caption, pursuant to Section VI above, shows that it is to be applicable to "All Actions," the Clerk shall file such paper in the Master File and note such filing in the Master Docket.  No further papers need be filed or docket entries made.

2.      When a paper is filed and the caption, pursuant to Section VI above, shows that it is to be applicable to less than all of the consolidated actions, the Clerk shall file the original of such paper in the Master File and a copy in the file of each specific action to which the paper is intended to be applicable, and shall note such filing in the Master Docket and in the docket of each such action.  It shall be the responsibility of the party filing such paper to supply the Clerk with sufficient copies of any document to facilitate compliance with the directions of this paragraph.

## VIII.  **ORGANIZATION OF COUNSEL**

1.      Pursuant to Fed. R. Civ. P. 23 (g)(2), the Court designates Louis F. Burke, P.C. and Lowey Dannenberg Bemporad Selinger & Cohen, P.C. as Co-Lead Counsel to act on behalf of all Plaintiffs in the consolidated cases, with the responsibilities hereinafter described.

2.      Co-Lead Counsel shall have sole authority over the following matters on behalf of all Plaintiffs: (a) the initiation, response, scheduling, briefing and argument of all motions; (b) the scope, order and conduct of all discovery proceedings; (c) such work assignments to other Plaintiffs' counsel as they may deem appropriate; (d) the retention of experts; (e) designation of which attorneys may appear at hearings and conferences with the Court; (f) the timing and substance of any settlement negotiations with Defendants; and (g) other matters concerning the prosecution of or resolution of their respective cases.

3.      No motion shall be initiated or filed on behalf of any Plaintiff in the case except through Co-Lead Counsel.

4.      Co-Lead Counsel shall have sole authority to communicate with Defendants'
counsel and the Court on behalf of all Plaintiffs unless that authority is expressly delegated to
other counsel.  Defendants' counsel may rely on all agreements made with Co-Lead Counsel,
and such agreements shall be binding on all other Plaintiffs' counsel in their respective cases.

5.      Co-Lead Counsel is authorized to create committees of plaintiffs' counsel as it
deems appropriate for the efficient prosecution of this action.  Any such committee shall operate
under the direct supervision of Co-Lead Counsel.

6.      Subject to any restrictions agreed upon or set forth in a protective order, all
discovery obtained by any Plaintiff in these cases may be shared with any other Plaintiff.  All
discovery obtained by any Defendant in these cases shall be deemed discovered in each of these
cases.

7.      All counsel shall make best efforts to avoid duplication, inefficiency and
inconvenience to the Court, the parties, counsel and witnesses.  However, nothing stated herein
shall be construed to diminish the right of any counsel to be heard on matters that are not
susceptible to joint or common action, or as to which there is a genuine and substantial
disagreement among counsel.

8.      Nothing herein shall limit the requirements on plaintiffs and plaintiffs' counsel set
forth in Fed. R. Civ. P. 23.

## IX.    TIME RECORDS

All plaintiffs' counsel shall submit to Co-Lead Counsel a record of the time expended
and expenses incurred by their respective firms in the form set forth by Co-Lead Counsel on a
monthly basis and Co-Lead Counsel shall determine if the time expended is appropriate.

## X.    SERVICE OF DOCUMENTS

A.    **Orders.**  A copy of each order will be provided to Co-Lead Counsel for

distribution as appropriate to other counsel and parties.  A copy shall also be provided to counsel

for Defendants.

B.    **Pleadings, Motions, and Other Documents.**  The parties shall effect service of

papers on each other by serving a copy of the paper by e-mail delivery.

## XI.    ADMISSION OF ATTORNEYS

Each attorney not a member of the Bar of this Court who is acting as counsel for a

plaintiff or a defendant herein shall be deemed admitted *pro hac vice* to practice before this

Court in connection with these proceedings upon the proper filings and payment of fees as

provided by this Court's Local Rules.

## XII.    CONSOLIDATED CLASS ACTION COMPLAINT

1.    Plaintiffs shall file a Consolidated Class Action Complaint ("Consolidated

Complaint") on behalf of all Plaintiffs in the Consolidated Action on October 15, 2007.

Defendants shall answer, move, or otherwise plead to the Consolidated Complaint by January

15, 2008.  If Defendants, or any of them, file a motion under Rule 12 of the Federal Rules of

Civil Procedure, Plaintiffs shall respond to the motion by March 14, 2008.  Moving Defendants'

reply brief shall be due by April 15, 2008.  Defendants shall have no obligation to answer, move,

or otherwise plead with respect to any of the previously filed complaints in the Consolidated

Action.  All other scheduling matters relating to, *inter alia,* discovery and motions, including

class certification, will be addressed by the Court in a subsequent order.

2.    The Court's Order dated August 14, 2007 is hereby vacated and the pretrial

conference set for September 11, 2007 is adjourned *sine die*.

Dated: _____, 2007

_____
SHIRA A. SCHEINDLIN
United States District Judge

**EXHIBIT 2**

**LOUIS F. BURKE P.C.**
*460 Park Avenue, 21ST FLOOR*
*NEW YORK, NEW YORK 10022*
*(New York County)*
*Telephone: 212-682-1700*
*Fax: 212-808-4280*
*Email: lburke@lfblaw.com*

**FIRM PROFILE**: The firm is engaged in all phases of general commercial litigation, including class actions, before federal and state courts, arbitration proceedings before securities and commodities exchanges and their regulatory counterparts, and administrative proceedings before federal government agencies including the Securities and Exchange Commission and Commodity Futures Trading Commission

**ATTORNEYS**.

**LOUIS F. BURKE**, born Philadelphia, Pennsylvania, January 16, 1944; admitted to bar, 1973, New York; 1974, U.S. District Court, Southern District of New York and U.S. Court of Appeals, Second Circuit; 1983, U.S. Tax Court; 1988, U.S. District Court, Eastern District of New York. *Education:* Boston University (B.S.B.A., 1966); New England School of Law (J.D., 1970). Editor, New England Law Review, 1969-1970. Contributing Editor: "Energy Futures," McGraw-Hill (1983); "International Derivatives Law, A Country by Country Analysis," Risk Publications (1996). Author: "Arbitrating Disputes in the Futures Industry," ABA Securities News (1998). Arbitrator: National Futures Association; New York Cotton Exchange, Inc.; Coffee, Sugar, Cocoa Exchange, Inc., Finex Europe; *Member:* The Association of the Bar of the City of New York (Member, Committee on Futures Regulation; Chairman, Sub-committee on Litigation Oversight, 1990-1991; Union Internationale des Avocats; American Bar Association (Member, Sections on: Corporation, Banking and Business Law; Litigation; Co-Chair, Committee on Securities Litigation, 2000-2003; Co-Chair, Sub-committee on Futures Litigation, 1995-2001; 2003 – pres; Co-chair, International Litication Committee 2003 - pres); Union Internationale des Avocats (President, UIA-USA Committee, 1999-2001; President, Commission on Financial Services, 1998-2000; Counsel to the President, 2001-2003; President, Litigation Commission 2003 – pres; Eexecutive Committee 2004 - pres); *Industry Associations:* Futures Industry Association (Member, Compliance and Legal Division); Securities Industry Association (Member, Compliance and Legal Division); Commodity Traders and Brokers Association (Director, 1990-1993).
**Email:** *lburke@lfblaw.com*

**LESLIE WYBIRAL**, (Associate) born Weisbaden, Germany, November 6, 1965; admitted to bar, 2006, New York, U.S. District Court, Southern District of New York and U.S. Court of Appeals, Second Circuit. Education: Marymount College (B.A., magna cum laude, 2001); Salzburg Institute, Austria (Certificate, International Legal Studies,

2003); New York Law School (J.D., 2005). Member, 2002-2003, Associate Editor, 2003 and Executive Case Comment Editor, 2004, New York Law School Law Review. Member: New York State and American (Member: International Human Rights Committee, International Law Section; International Litigation Committee, Litigation Section) Bar Associations; The Association of the Bar of the City of New York; New York County Lawyer's Association. Practice Areas: Securities; Broker-Dealer Arbitration; NASD Arbitration; New York Stock Exchange Arbitration; Securities Arbitration; Securities Litigation; Securities Class Actions; Commercial Litigation; Commodities; Commodities Arbitration; Commodities Fraud; Commodities Futures; Commodities Regulation; Business Litigation; Investment Fraud.

## *CLASS ACTION CASES*

The Burke Firm has represented or currently represents the plaintiff in the following class action cases, among others:

In Re Natural Gas Commodity Litigation, 03Civ.06186 (VM) (S.D.N.Y.)  The Burke Firm represented a lead plaintiff in this litigation involving the manipulation of the natural gas futures market covering a class period from January 2000 – December 2003. This litigation settled with numerous defendants for approximately $100,000,000.

Grandon v. Merrill Lynch and Co., et al, 95 Civ. 10742 (SWK) (RLE) (S.D.N.Y.)  The Burke Firm represented the lead plaintiff in this litigation alleging that defendant brokerage firm charged undisclosed excessive markups and markdowns in connection with its principal transactions with customers in municipal bonds. See 147 F.3d 184 (2d Cir. 1998) (reversing district court's dismissal of class action complaint).

Josef Kohen, Breakwater Trading LLC and Richard Hershey v. Pacific Investment Management Company LLC, Pimco Funds et al., 05 Civ. 4681 (RAG) ( N.D. Ill.).  Burke Firm has represented plaintiff in a pending futures manipulation case of the June 2005 10 Year Treasury Note Futures Contract.  The class was certified recently.

Eugenia J. Fiala, et al. v. Metropolitan Life Insurance Company, et al., Index No. 00/601181 (N.Y. Sup. Ct. N.Y. Cty) (Burke Firm represents one of the plaintiffs in a class action challenging insurance company demutualization).

Leider v. Ralfe, et al., 01Civ.03137 (HB) (FM) (S.D.N.Y.) (Burke Firm represented one of the plaintiffs in an antitrust class action against the DeBeers cartel for monopolization of the worldwide diamond market).

Brissenden v. Time Warner Cable of New York City, et al., Index No. 601587/04 (HF) (N.Y. Sup. Ct., New York Cty.) (Burke Firm currently represents the plaintiff in a consumer class action against a cable television company).

Ibarzabal v. Morgan Stanley DW, Inc., No. 07-CV-2273 (SCR) (Burke Firm represents plaintiffs in class action alleging that defendant brokerage firm engaged in fraudulent

course of conduct of concealing the existence of and destroying electronic documents in connection with customer-initiated arbitration proceedings).

## EXPERT WITNESS

Louis F. Burke has been qualified as an expert witness in connection with the following matters:

- *Lau v. Richardson Securities, Inc.*, (U.S. District Court, SDNY); Areas of testimony: supervision, compliance, floor practices and rules, order procedures, front running, unauthorized trading in commodity futures.
- *Lehman Bros. v. Tutelar S.A.*, (U.S. District Court, SDNY); Areas of testimony: supervisory procedures, liquidation procedures in commodity futures.
- *Douglas v. Gibraltar Securities*, (NASD); Areas of testimony: Limited partnership investments, supervision, suitability, sales practices in securities.

## TRIALS

### United States District Court, SDNY (COMMODITIES CASES)

- Richardi v. Conti Commodities
- Feinberg v. Compucom Systems
- CFTC v. D.E. Jones Commodities
- CFTC v. Estate of Marvin Goodman

### New York Stock Exchange

- Shure v. Shearson Lehman Bros
- Mansour v. Republic National Securities
- Imgest Financial Establishment v. Shearson Lehman Bros. (Commodities case)
- Pecon v. Refco (Commodities Case)
- Reich v. TD Waterhouse, et al.

### Commodity Futures Trading Commission

- Kotsikas v. Drexel Burnham Lambert
- CFTC v. Stanley Buchwalder, et al.
- CFTC v. Mark Fisher, et al.
- CFTC v. Gerald Grippo
- CFTC v. Lincolnwood Commodities
- CFTC v. Ira Kuhlik
- CFTC v. Ligammari
- CFTC v. International Financial Services, Inc.

# EXHIBIT 3

## RESUME

Since the 1960s, Lowey Dannenberg Bemporad Selinger & Cohen, P.C. (The "Lowey firm" or "the firm") has specialized in complex litigation, generally representing plaintiffs. The firm employs seventeen lawyers and an experienced paralegal and support staff. Biographies of the firm's attorneys are annexed.

Our regular clients are institutional and other large investors and health benefit insurers. The Lowey firm has achieved many notable successes over the years that have resulted in recoveries aggregating billions of dollars.

### Investor Litigation

The Lowey firm represents investors. Our clients' cases involve securities and commodities fraud, coercive mergers and tender offers, statutory appraisal proceedings, proxy contests and election irregularities, failed corporate governance, stockholder agreement disputes, and customer/brokerage firm arbitration proceedings.

Our investor litigation practice group has recovered billions of dollars in the aggregate for our clients. But the value of our accomplishments is measured by more than dollars. We have also achieved landmark, long term corporate governance changes at public companies, including reversing results of elections and returning corporate control to the companies' rightful owners, its stockholders.

The Lowey firm's institutional investor clients have included the New York City Pension Funds, the New York State Common Retirement Fund, Federated Investors,

Glickenhaus & Co., the Denver Employees Retirement Plan, Millennium Partners and Karpus Investment Management.

### Prescription Drug Overcharge Litigation

The Lowey firm has become the nation's premier litigation firm for health insurers to recover overcharges for prescription drug and other medical products and services. Our skills in this area are recognized by the largest payers for pharmaceuticals in the United States, including Aetna, CIGNA, Humana, and Wellpoint, who frequently retain the firm to assert claims against pharmaceutical manufacturers for conduct resulting in overpriced medication.

### Commitment to Clients

In both the investor litigation and prescription overcharge litigation fields, the Lowey firm has distinguished itself from its competitors by departing from the norms of plaintiff's class action law firm practices, advising its clients to do things differently in ways which benefit the clients, whereas more traditional routes would have been to the Lowey firm's greater short-term benefit. However, the firm's reward has been its retention as the plaintiff's law firm of choice by the most diverse blue chip clientele of any U.S. plaintiff's law firm.

Through contingency or other flexible fee arrangements, the Lowey firm commits its financial and intellectual resources to achieving the best possible results for its clients. The firm takes on cutting-edge legal issues, and has brought about significant expansions of the rights of plaintiffs under federal and state securities, antitrust, corporation, and deceptive practice laws.

## Client Recoveries

Recent achievements for our clients include the following:

- On June 15, 2007, the United States District Court for the Southern District of New York approved additional settlements of $28,087,500, bringing total settlements to $100,850,000, in a certified class action on behalf of entities and persons who traded New York Mercantile Exchange natural gas futures and options contracts. The Lowey firm is co-lead counsel for a class of plaintiffs who allege that the defendants manipulated the prices of natural gas futures and options contracts by reporting inaccurate, misleading, and false information concerning physical commodity trades to trade publications that compile and publish indices of natural gas spot prices. In re Natural Gas Commodity Litigation, No. 03 CV 6186 (VM) (S.D.N.Y.).

- On March 19, 2007, the United States District Court for the Southern District of New York approved a $79,750,000 settlement of a class action, in which the Lowey firm acted as Co-Lead Counsel, on behalf of United States investors of Philip Services Corp., a bankrupt Canadian resource recovery company. $50,500,000 of the settlement was paid by the Canadian accounting firm of Deloitte & Touche, LLP, which the Lowey firm believes is the largest recovery from a Canadian auditing firm in a securities class action, and among the largest obtained from any accounting firm. In re Philip Services Corp., Securities Litigation, 98 Civ. 835 (AKH) (S.D.N.Y.) Earlier in the litigation, the United States Court of Appeals for the Second Circuit issued a landmark decision protecting the rights of United States citizens to sue foreign companies who fraudulently sell their securities in the United States. DiRienzo v. Philip Services Corp., 294 F.3d 21 (2d Cir.), cert. denied, 123 S.Ct. 556 (2002).

- The Lowey firm's innovative strategy and aggressive prosecution produced an extraordinary recovery in the fall of 2005 for the New York City Pension Funds in the WorldCom Securities Litigation, substantially superior to that of any other WorldCom investor in either class or opt-out litigation. Following our advice to opt out of a class action in order to litigate their claims separately, the New York City Pension Funds recovered almost $79 million, including 100% of their damages resulting from investments in WorldCom bonds.

- On September 25, 2006 the Lowey firm helped Laddcap Value Partners win an emergency appeal, reversing a federal district court's order disqualifying the votes Laddcap had solicited to replace the board of directors of Delcath Systems, Inc. Prior to our involvement in the case, on September 20, 2006,

Laddcap, which was Delcath's largest stockholder, had been enjoined by the district court from submitting stockholder consents it had solicited on the grounds of unproven claimed violations of federal securities law. After losing an injunction proceeding in the district court on September 20, 2006 and with the election scheduled to close on September 25, 2006, Laddcap hired the Lowey firm to prosecute an emergency appeal, which was won on September 25, 2006, the last day of the election period. Shortly thereafter, the case was settled with Laddcap gaining seats on the board, reimbursement of expenses, and other benefits. Delcath Systems, Inc. v. Laddcap Value Partners, 2006 WL 27239981 (2d Cir. Sept. 25, 2006).

- The Lowey firm represented Karpus Investment Management in its successful proxy contest and subsequent litigation to prevent the transfer of management by Citigroup to Legg Mason of the Salomon Brothers Municipal Partners Fund. We defeated the Fund's preliminary injunction action which sought to compel Karpus to vote shares it had solicited by proxy but withheld from voting in order to defeat a quorum and prevent approval of the transfer. Salomon Brothers Mun. Partners Fund, Inc. v. Thornton, 410 F. Supp. 2d 330 (S.D.N.Y. 2006).


- The Lowey firm acted as co-lead counsel for a class of seatholders seeking to enjoin the merger between the New York Stock Exchange and Archipelago Holdings, Inc. As a result of the action, the merger terms were revised, providing the seatholders with more than $250 million in additional consideration. In addition, the NYSE agreed to retain an independent financial adviser to report to the Court as to the fairness of the deal to the NYSE seatholders. Plaintiffs also provided the Court with their expert's analysis of the new independent financial adviser's report. Both reports were provided to the seatholders prior to the merger vote. The Court noted that "these competing presentations provide a fair and balanced view of the proposed merger and present the NYSE Seatholders with an opportunity to exercise their own business judgment with eyes wide open. The presentation of such differing viewpoints ensures transparency and complete disclosure." In re New York Stock Exchange/Archipelago Merger Litigation, (N.Y. Sup. Ct. December 5, 2005).

- On July 8, 2005, the United States District Court for the Southern District of Florida approved a $28,700,000 settlement of a class action on behalf of consumers and third party payers against Abbott Laboratories and Geneva Pharmaceuticals, charging that they monopolized and unreasonably restrained trade in the market for the prescription drug Hytrin and its generic equivalents. The Lowey firm was lead counsel for the class in this six-year litigation. The Court had previously certified a 17-state class of indirect purchasers consisting of consumers and third party payers in In re Terazosin

Hydrochloride Antitrust Litig., 2004 U.S. Dist. LEXIS 6176 (S.D. Fla. April 8, 2004). The Court complimented our performance and experience in this hard-fought case.

• The Lowey firm represented Glickenhaus & Co., a major registered investment advisor and, at the time, the second largest stockholder of Chrysler, in a non-class securities lawsuit against DaimlerChrysler AG. Successful implementation of the firm's opt-out strategy led to a recovery for its clients far in excess of that received by other class members. See In re DaimlerChrysler AG Sec. Litig., 197 F. Supp. 2d 42 (D. Del. 2002); In re DaimlerChrysler AG Sec. Litig., Civ. Action Nos. 00-993/00-984/01-004JJF Cons. Action, 2003 U.S. Dist. LEXIS 10964, Fed. Sec. L. Rep. (CCH) ¶92,244 (D. Del. June 25, 2003).

• Following a three day bench trial in a statutory appraisal proceeding, the Delaware Chancery Court awarded our clients, an institutional investor and investment advisor, $30.43 per share plus compounded prejudgment interest, for a transaction in which the public shareholders who did not seek appraisal were cashed out at $28 per share. Doft & Co. v. Travelocity.com, Inc., No. Civ. A. 19734, 2004 WL 1152338 (May 20, 2004), modified, 2004 WL 1366994 (Del. Ch. June 10, 2004).

• The United States District Court for the Eastern District of Michigan approved an $80,000,000 settlement of a class action on behalf of consumers and third party payers against Aventis S.A. and Andrx Corp., charging that they monopolized and unreasonably restrained trade in the United States market for Cardizem CD and its generic bioequivalents. In re Cardizem CD Antitrust Litigation, 218 F.R.D. 508 (E.D. Mich. 2003) appeal dismissed, 391 F.3d 812 (6th Cir. 2004), cert. denied, 125 S. Ct. 2297 (2005). Previously, the United States Court of Appeals for the Sixth Circuit unanimously affirmed a landmark summary judgment of per se liability against defendants. In re Cardizem CD Antitrust Litig., 332 F.3d 896 (6th Cir. 2003), affirming, 105 F. Supp. 2d 682 (E.D. Mich. 2000). The Lowey firm was lead counsel for the class and argued both successful appeals.

• In an action in which the Lowey firm acted on behalf of an institutional investor as Co-Lead Counsel, the Delaware Supreme Court enjoined a proposed merger between NCS Healthcare, Inc. and Genesis Health Ventures, Inc., accepting our argument that the NCS board had breached its fiduciary obligations by agreeing to irrevocable merger lock-up provisions. As a result of the injunction, the NCS shareholders were able to obtain the benefit of a competing takeover proposal by Omnicare, Inc. of 300% more than that offered in the enjoined transaction, providing NCS's shareholders with an additional $99 million. Omnicare, Inc. v. NCS Healthcare, Inc., 818 A.2d 914 (Del. 2003).

- The Supreme Court of the State of New York, County of New York, approved a $22.8 million settlement on behalf of a class of current and former holders of credit cards issued by MBNA bank who took cash advances in response to an MBNA promotion. The Court noted that the Lowey firm is an "able law firm having long-standing experience in commercial class action litigation." Broder v. MBNA Corp., No. 605153/98 (Sup. Ct., N.Y. County, April 11, 2003).

- The United States District Court for the District of Delaware approved, and the Third Circuit Court of Appeals affirmed, a $44.5 million class action settlement paid by DuPont Pharmaceuticals to consumers and third party payers nationwide to settle claims of unfair marketing practices in connection with the prescription blood thinner Coumadin. The Lowey firm, which had been appointed by the District Court to the plaintiffs' executive committee as the representative of third party payers, argued the successful appeal. In re Warfarin Sodium Antitrust Litigation, 391 F.3d 516 (3rd Cir. 2004).

- The Lowey firm successfully represented an affiliate of Millennium Partners, a major private investment fund, in litigation in the Delaware Chancery Court that resulted in the voiding of two elections of directors of meVC Draper Fisher Jurvetson Fund 1, Inc., a NYSE-listed closed end mutual fund, on grounds of breach of fiduciary duty, and in a subsequent proxy contest litigation in the United States District Court for the Southern District of New York, that resulted in the replacement of the entire board of directors with Millennium's slate. meVC Draper Fisher Jurvetson Fund 1, Inc. v. Millennium Partners, 260 F. Supp. 2d 616 (S.D.N.Y. 2003); Millenco L.P. v. meVC Draper Fisher Jurvetson Fund 1, Inc., 824 A.2d 11 (Del. Ch. 2002).

- In a case in which the Lowey firm acted as Lead Counsel, the Firm obtained a $27.25 million settlement on behalf of our client the Federated Kaufmann Fund and a class of purchasers of securities of CINAR Corporation. The court found that "the quality of [the Lowey firm's] representation has been excellent." In re CINAR Securities Litigation, Master File No. 00 CV 1086 (E.D.N.Y., Dec. 2, 2002).

- In proceedings in which the Lowey firm acted as co-counsel to a Bankruptcy Court-appointed Estate Representative, the firm obtained recoveries in a fraudulent conveyance action totaling $106 million. In re Reliance Securities Litigation, MDL 1304 (D. Del. 2002).

The Lowey firm represents numerous institutional investors. After a highly competitive selection process, we were selected by the New York State Common Retirement Fund (the "CRF"), the third largest public pension fund in the United States,

with assets exceeding $140 billion, to serve as one of its designated securities litigation counsel. We currently represent the CRF as Lead Counsel in a securities class action in which the CRF is serving as the court appointed Lead Plaintiff. In re Bayer AG Securities Litigation, 03 Civ. 1546 (WHP) (S.D.N.Y.).

Similarly, the Lowey firm was selected to serve as one of the securities litigation counsel to represent the New York City Pension Funds (the "NYC Funds") having combined assets of more than $110 billion. We currently represent the NYC Funds as Lead Counsel in a securities class action in which the NYC Funds are serving as the court appointed Lead Plaintiffs. In re Juniper Networks, Inc. Sec. Litig., No. C-06-05303 JW (N.D. Cal). In addition, as noted above, we represented the NYC Funds in the WorldCom litigation. Because of the firm's expertise, the firm was also appointed by the Court to serve as Liaison Counsel for the non-class lawsuits arising out of the WorldCom fraud; in that capacity, the firm was responsible for coordinating discovery in more than 80 actions related to the largest financial fraud in United States history.[1] See In re WorldCom Securities Litigation, Master File No. 02 Civ. 3288 (DLC), 2003 U.S. Dist. LEXIS 8979 (S.D.N.Y. May 28, 2003).

**The Lowey Firm's Recognized Expertise**

The attorneys of the Lowey firm have been repeatedly recognized by the courts as expert practitioners in the field of complex litigation. For example, in the WorldCom Securities Litigation, the Court repeatedly praised the contributions and efforts of the firm's

---

[1]    Prior to the WorldCom matter, the Lowey firm was retained to represent the NYC Funds in securities litigations involving Enron and McKesson HBOC, Inc.

principal Neil L. Selinger: "I want to thank Mr. Selinger again publicly. I have done it many a time during the course of this litigation. He has performed a marvelous service." In re WorldCom, Inc. Securities Litigation, 02 Civ. 3288 (DLC), hearing transcript of November 5, 2004 at 76. Similarly, on November 10, 2004, the Court found that "the Lowey Firm, and in particular Neil Selinger of that firm, has worked tirelessly to promote harmony and efficiency in this sprawling litigation. . . . [the Lowey firm] has done a superb job in its role as Liaison Counsel, conducting itself with professionalism and efficiency. . . ." In re WorldCom, Inc. Securities Litigation, 2004 WL 2549682 (S.D.N.Y. Nov. 10, 2004).

Similarly, in the Oracle Securities Litigation, Judge Vaughn Walker repeatedly praised the performance of the firm. See In re Oracle Securities Litigation, 852 F. Supp. 1437, 1454, 1459 (N.D. Cal. 1994) ["The Lowey firm's high caliber representation of the class against the Oracle defendants served as tangible evidence of its ability to represent the class against Andersen.... Class counsel's able, persistent and patient performance in achieving the present recovery has not gone unnoticed"]. See also related opinions 829 F. Supp. 1176 (N.D. Cal. 1993); and 136 F.R.D. 639, 649 n.23 (N.D. Cal. 1991) ["The Lowey firm's papers have been thoughtful and to the point...."].

The Court in Winston v. Mezzanine Investments, L.P., Index No. 28657/91 (Sup. Ct. N.Y. Co. Dec. 22, 1997), following victory at trial and an $8,000,000 recovery for a class of investors, expressed the view that the attorneys of the Lowey firm "are highly experienced specialists" whose work is "of very high quality." The Court in In re Seagate Technology, Inc. Shareholders Litigation, CA No. 17932 (Del. Ch. Apr. 9, 2001), in approving a $200 million settlement in an action in which the Lowey firm served as co-lead counsel, stated that the attorneys of the Lowey firm "did highly skilled work against highly

skilled opposition. I read the opening brief carefully ... it was very well done and a piece of work ... there was some high-wall lawyering done here." Snyder v. Nationwide Insurance Company, Index No. 97/0633 (Sup. Ct. Onondaga Co. December 17, 1998) (finding that the attorneys of the Lowey firm are "great attorneys" who did a "very, very good job" for the class, and that the Lowey firm makes "attorneys look good"); In re MobileMedia Securities Litigation, Civil No. 96-5723 (D.N.J. February 7, 2000) (describing the firm as "expeditious," "efficient," and "professional").

**Other Recoveries For Our Clients**

Other examples of the firm's successful efforts include:

- A recovery by settlement of approximately $100 million in policy refunds or adjustments, discounted premiums, and discounted products for a national class of purchasers of life insurance policies issued by Nationwide Mutual Insurance. Snyder v. Nationwide Insurance Company, Index No. 97/0633 (Sup. Ct. Onondaga Co. 1998). Firm acted as co-lead counsel.

- A recovery by settlement of approximately $110,000,000 for a class of purchasers of various taxable municipal bonds. In re Taxable Municipal Bond Securities Litigation, Master File No. MDL 863 (E.D. La. 1995). Firm acted as member of the executive committee of plaintiffs' counsel.

- The recovery by settlement of approximately $618,000,000 for the public shareholders of Standard Oil Company in connection with the acquisition by its controlling stockholder, British Petroleum Acquisition p.l.c. In re The Standard Oil Company/British Petroleum Litigation, Consolidated Case No. 126760 (Court of Common Pleas, Cuyahoga County, Ohio 1987). Firm acted as co-lead counsel.

- A recovery by settlement of more than $180,000,000 for public shareholders of Shell Oil Company after a successful motion for a preliminary injunction against a tender offer by the Royal Dutch/Shell group of companies, the majority shareholder. See Joseph v. Shell Oil Co., 501 A.2d 409 (Del. Sup. 1985). Firm acted as co-lead counsel.

- A recovery by settlement of approximately $75,000,000 for former public shareholders of Triangle Industries, Inc.  See In re Triangle Industries, Inc. Shareholders Litigation, Delaware Chancery Court, Consolidated Action No. 10466.  Firm acted as co-lead counsel.

- A recovery by settlement of $72,500,000 for sellers of the stock of RJR Nabisco, Inc.  In re RJR Nabisco, Inc. Securities Litigation, M.D.L. Docket No. 818 (MBM) (S.D.N.Y. 1992).  Firm acted as sole lead counsel.

- A recovery by settlement of more than $44 million in policy refunds or adjustments or additional paid-up life insurance policies for a national class of purchasers of life insurance policies issued by the Country Life Insurance Company.  Duckworth v. Country Life Insurance Company, 98 CH 01046 (Cir. Ct., Cook Co., Ill. 2000).

- A recovery by settlement of approximately $35,500,000 for public bondholders of Burlington Northern Railroad Co.  Rievman v. Burlington Northern Railroad Co., 118 F.R.D. 29 (S.D.N.Y. 1987).  During the course of the action, the firm obtained a preliminary injunction against a tender offer and defeasance plan by Burlington Northern Railroad Co. relating to certain railroad bonds.  618 F. Supp. 592 and 644 F. Supp. 168 (S.D.N.Y.).  Firm was sole lead counsel.

- Recoveries by settlement exceeding $30,000,000 for classes of third-party payers and patients for alleged overcharges for clinical laboratory testing.  In re SmithKline Beecham Clinical Laboratories, Inc. Laboratory Test Billing Practices Litigation, 3: 97-CV-1795 (AVC) (D. Ct. 2001); May v. SmithKline Beecham Clinical Laboratories, Inc., C.A. No. 97-L-1230 (Cir. Ct., Madison Co., Ill. 2001).  Firm acted as co-lead counsel.

- A recovery by settlement exceeding $27,000,000 for a class of purchasers of securities of MobileMedia, Inc.  In re MobileMedia Securities Litigation, Civil No. 96-5723 (D.N.J. 2000).  Firm acted as co-lead counsel.

- A recovery by settlement of $25,300,000 for a class of third-party payers settling claims for overcharges for the generic versions of the prescription drugs lorazepam and clorazepate.  In re Lorazepam and Clorazepate Antitrust Litigation, MDL No. 99-1290 (TFH) (D.D.C. 2002).  Firm acted as lead counsel.

- A recovery by settlement of $25,000,000 for a class of purchasers of securities of Oracle Systems Corporation. In re Oracle Securities Litigation, Master File C-90-0931 (VRW) (N.D. Cal. 1994).  Firm acted as sole lead counsel.

- A recovery by settlement of $25,000,000 for a class of sellers of shares of Columbia Pictures Entertainment, Inc.  The firm acted as sole lead counsel in the case, which was prosecuted for more than five years and involved, among many other hurdles, a motion to dismiss (In re Columbia Securities Litigation, 747 F. Supp. 237 (S.D.N.Y. 1990)), a motion for summary judgment (155 F.R.D. 466 (S.D.N.Y. 1994)) and considerable discovery in and from Japan.

- A recovery by settlement of $24,000,000 for a class of purchasers of securities of Arakis Energy Corporation. In re Arakis Energy Corp. Securities Litigation, Fed. Sec. L. Rep. (CCH) ¶91,646 (E.D.N.Y. August 17, 2001). Firm acted as co-lead counsel.

- A recovery by settlement of $21,100,000 for holders of rights to purchase the common stock of Crown Zellerbach Corporation, in connection with the acquisition of Crown Zellerbach assets.  In re Crown Zellerbach Corporation Rights Plan, No. 85-C-3286 (N.D. Ill. 1986).  Firm acted as co-lead counsel.

- A recovery by settlement of more than $20,000,000 for a class of purchasers of securities of Pepsi Cola Puerto Rico Bottling Co. Turabo Medical Center v. Beach, No. 96-2250 (DRD) (D. P.R. 1997).  Firm acted as co-lead counsel.

- A recovery by settlement of $19,500,000 for a class of purchasers of securities of Raychem Corporation.  Cytryn v. Cook, 89-20801-RFP (N.D. Cal. 1992).  Firm acted as co-lead counsel.

- A recovery by settlement of $19,000,000 for a class of purchasers of shares of General Electric Company.  The Lowey firm acted as sole lead counsel in the case, which was prosecuted for more than six years and involved, among many obstacles to recovery, motions to dismiss (In re Kidder Peabody Securities Litigation, Fed. Sec. L. Rep. (CCH) ¶99,030 (S.D.N.Y. 1995)), motions for summary judgment (10 F. Supp. 2d 398 (S.D.N.Y. 1998)), and a leading decision compelling production by defendants' counsel of witness interview notes (168 F.R.D. 459 (S.D.N.Y. 1996)).

- A recovery by settlement of $17,600,000 for former preferred shareholders of Genesco Inc. after successful trial and appeal.  See Denco v. Genesco, 427 N.Y.S.2d 434 (1st Dep't 1980).  Firm was sole lead counsel.

- A recovery after trial of approximately $13,000,000 for 115 residents of Mexico and Latin America, whose status as depositors of the insolvent American Bank and Trust Co. had been challenged by the Federal Deposit Insurance Corporation.  In the Matter of American Bank & Trust Co., Index No. 18649/76 (Sup. Ct., N.Y. Co. 1979).  Firm acted as sole lead counsel.

In other cases, the Lowey firm has achieved substantial relief of a non-monetary nature which ultimately led to important benefits for investors.  Examples include:

- In connection with a successful takeover fight involving meVC Draper Fisher Jurvetson Fund I, we successfully persuaded ISS, the largest proxy advisory service company in the United States, and the New York Stock Exchange, to revise their previous approvals of meVC's proxy proposal to approve investment advisor contracts which would have been renewable without shareholder approval.  That resulted in all NYSE broker-dealers withdrawing their proxies previously given to management, and led to the defeat of the management proposal at the shareholders' meeting.

- Establishing the standing of purchasers of call options to sue under Section 10(b) of the Securities Exchange Act of 1934, Deutschman v. Beneficial Corp., 841 F.2d 502 (3d Cir. 1988), reversing 668 F. Supp. 358 (D. Del. 1987).

- Protecting shareholder voting rights in connection with a merger through an expedited trial.  Kansas City Power & Light v. Western Resources, 939 F. Supp. 688 (W.D. Mo. 1996).

- As co-lead class counsel, obtaining a temporary restraining order and then a preliminary injunction barring a restructuring of Macmillan, Inc.  Robert M. Bass Group, Inc. v. Evans, 552 A.2d 1227 (Del. Ch. 1988); and later in the litigation, obtained an injunction from the Delaware Supreme Court enjoining a lockup agreement given to a favored bidder.  Mills Acquisition Co. v. Macmillan, Inc., 559 A.2d 1261 (Del. 1989).

- Effecting modifications valued at between $16,000,000 to $37,600,000 of compensation and pension benefits granted to the chief executive officer of Citizens Utilities Company.  In re Citizens Utilities Company Shareholders Litigation, Civil Action No. 12992 (Del. Ch. 1995).  Firm acted as co-lead counsel.

- Obtaining, following the hearing of a motion for a preliminary injunction, the return of more than $10,000,000 withdrawn by insiders from Simplicity Pattern Company.  Roth v. Lacey, No. 09391/82 (Sup. Ct. N.Y. Co. 1982).

- Preserving for the Dreyfus Fund its ownership rights in the valuable lion trademark, Korenstein v. Dreyfus Corp., 77 Civ. 2521, 78 Civ. 3794 (S.D.N.Y. 1980), and similarly preserving for the Oppenheimer Fund its ownership rights in the valuable clasped hands trademark, The Leslie Katz Retirement

Plan v. Oppenheimer Management Corp., 212 U.S.P.Q. 191 (S.D.N.Y. 1980).  Firm was sole lead counsel.

**EXHIBIT 4**

DEC-28-2003  11:58      JUDGE VICTOR MARRERO                    212 805 6382    P.02/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                            :
CORNERSTONE PROPANE PARTNERS, L.P.,                         :
individually, and on behalf of itself and all others        :     Case No. 03 CV 6186 (VM)
similarly situated,                                         :
                                                            :
                          Plaintiff,                        :
                                                            :
            v.                                              :
                                                            :
RELIANT ENERGY SERVICES INC., et al.,                       :
                                                            :
                          Defendants.                       :
                                                            :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### PRETRIAL ORDER NO. 1

WHEREAS, the above-captioned actions have been filed against some or all of

the following: Reliant Energy Services Inc., Centerpoint Energy Houston Electric LLC, Dynegy

Marketing & Trade, Dynegy Holdings Inc., Dynegy, Inc., Aquila Energy Marketing Corp.,

Aquila Merchant Service Inc., AEP Energy Service, American Electric Power Co. Inc., El Paso

Merchant Energy, L.P., El Paso Corporation, Williams Energy Marketing And Trading

Company, Williams Companies Inc., Duke Energy Corporation, Duke Energy Trading and

Marketing, L.L.C., Coral Energy Resources LP, Coral Energy Holding LP, CMS Energy

Corporation, Sempra Energy, Sempra Energy Solutions, Black Hills Corp., Enserco Energy, Inc.,

WD Energy Services, Inc., Encana Corporation, Entergy-Koch Trading, L.P., Entergy

Corporation, Koch Industries, Inc., Cook Inlet Energy Supply LLC, Inupiat Energy Corporation,

Midamerican Energy Company, Mieco Inc., Idaho Power Company, Idacorp, Inc., Cinergy

Services, Inc., Cinergy Corp (collectively, "Defendants") in the United States District Court for

the Southern District of New York, alleging violations of the Commodity Exchange Act, 7

497055v2
11/25/03 09:37

DEC-08-2003  11:59      JUDGE VICTOR MARRERO                    212 805 6382     P.03/09

U.S.C. § 1, *et seq.* and seeking to recover monetary damages allegedly sustained by natural gas

futures and options traders on the New York Mercantile Exchange ("NYMEX") in connection

with the manipulation of the natural gas markets, including the prices of natural gas futures and

options on the NYMEX.

WHEREAS, in order to promote judicial economy and avoid duplication, the Court finds

that it would be appropriate to provide for the consolidation of the above-captioned actions and

any related actions subsequently filed or transferred to this Court ("Consolidated Action") for

pre-trial purposes and for an organization of Plaintiffs' counsel to coordinate the efforts of

counsel in the Consolidated Action.

ACCORDINGLY, and for Good Cause Shown,

IT IS HEREBY ORDERED as follows:

## I.    CONSOLIDATION OF ACTIONS

1.    All actions in the Consolidated Action, whether now pending or hereafter

filed in or transferred to this Court, are hereby consolidated for all pretrial purposes.

2.    The terms of this Order shall not have the effect of making any person,

firm or corporation a party to any action in which he, she or it has not been named, served or

added as such in accordance with the Federal Rules of Civil Procedure.

## II.    CAPTION OF CASES

3.    Every pleading filed in the Consolidated Action shall bear the following

caption:

497055v2
11/25/03 09:37

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
IN RE: NATURAL GAS                    :        Master File No. _____
COMMODITY LITIGATION                  :
-----------------------------------------------------x
THIS DOCUMENT RELATES TO:             :        Hon. Victor Marrero, USDJ
-----------------------------------------------------x

     4.    When a pleading or other court paper is intended to apply to all actions,

the words "ALL ACTIONS" shall appear after the words "THIS DOCUMENT RELATES TO:"

in the caption set out above. When a pleading or other court paper is intended to be applicable

only to one, some, but not all, of the actions governed by this Order, the party filing the pleading

shall indicate the actions to which the pleading is intended to be applicable by separate caption

and docket number.

## III.   MASTER DOCKET, MASTER FILE AND SEPARATE ACTION DOCKETS

     5.    A Master Docket and a Master File are hereby established for these and all

other related cases subsequently filed in or transferred to this Court. Entries in said Master

Docket shall be applicable to this Consolidated Action as more fully set forth below.

     6.    Separate dockets shall also be maintained for each related case

subsequently filed in or transferred to this Court, and entries shall be made therein in accordance

with the regular procedures of the Clerk of this Court, except as modified by this Order or a

future order of this Court.

     7.    When a paper is filed and the caption shows that it is to be applicable to

"ALL ACTIONS," the Clerk shall file such pleading in the Master File and note such filing in

the Master Docket. No further copies need to be filed, nor docket entries made.

4

8.    When a paper is filed and the caption shows that it is to be applicable to less than all of the actions governed by this Order, the Clerk shall file the original of such paper in the Master File and in the file of each specific action to which the paper is intended to be applicable and note such filings in the Master Docket and all applicable case specific dockets.

## IV.    SUBSEQUENTLY FILED AND TRANSFERRED ACTIONS

9.    When a related case is hereinafter filed in this Court or transferred to this Court from another court, the Clerk shall:

    (a)    File a copy of this Order in the separate file for the related case;

    (b)    Mail a copy of this Order to counsel for the Plaintiff(s) in the newly-filed or transferred case and to any new Defendant(s) in the newly-filed or transferred case;

    (c)    Mail a copy of this order to counsel for Plaintiffs and to counsel for Defendants in the Consolidated Action; and

    (d)    Make an appropriate entry in the Master Docket.

10.    The Court requests the assistance of counsel in calling to the attention of the Clerk the filing or transfer of any case which might properly be consolidated as part of the Consolidated Action.

11.    The Order shall apply to each case subsequently filed in or transferred to this Court, unless a party serves and files an application for relief from this Order or from any of its provisions within ten (10) days after the date on which the Clerk mails a copy of this Order to counsel for that party and this Court deems it appropriate to grant such application.

## V.    ORGANIZATION OF COUNSEL

12.    The Court designates the following Co-Lead Counsel to act on behalf of all Plaintiffs in the Consolidated Action: Goodkind Labaton Rudoff & Sucharow LLP;

497055v2
11/25/03 09:37

Finkelstein, Thompson & Loughran; Lowey Dannenberg Bemporad & Selinger, P.C.; and,

Lovell Stewart Halebian, LLP (collectively "Co-Lead Counsel").

13.    Co-Lead Counsel shall have sole authority over the following matters on

behalf of all Plaintiffs:

(a)    the initiation, response, scheduling, briefing and arguing of all
motions;

(b)    the coordination of Plaintiffs' pretrial activities and plan for trial;

(c)    the scope, order, and conduct of all discovery proceedings;

(d)    the designation of which attorneys may appear at hearings and
conferences with the Court;

(e)    the timing and substance of any settlement negotiations with
Defendants;

(f)    the calling of meetings of Plaintiffs' counsel when appropriate;

(g)    the conduct of all pretrial, trial and post-trial proceedings;

(h)    the retention of experts;

(i)    such work assignments to other Plaintiffs' counsel as they may
deem appropriate; and

(j)    other matters concerning the prosecution or resolution of these
coordinated cases.

14.    No motion shall be initiated or filed on behalf of any Plaintiff in the

Consolidated Action, except through Co-Lead Counsel in those cases.

15.    Co-Lead Counsel shall have sole authority to communicate with

Defendants' counsel and the Court on behalf of all Plaintiffs in the Consolidated Action.

Defendants' counsel may rely upon all agreements made with the Co-Lead Counsel.

16.    The Court appoints Goodkind Labaton Rudoff & Sucharow LLP to act as

Liaison Counsel for Plaintiffs. The Court appoints Dickstein, Shapiro, Morin & Oshinsky, LLP

as Liaison Counsel for Defendants.  Liaison Counsel shall be responsible for ensuring that orders
of the Court are served on all counsel for which they are acting as Liaison Counsel;
communicating with the Court on behalf of all counsel in each case as to scheduling matters; and
for maintaining a master service list of all parties and their respective counsel.

       17.    Defendant shall effect service of papers on Plaintiffs by serving a copy of
the paper by overnight mail service or hand delivery on each Co-Lead Counsel in the
Consolidated Action.  Co-Lead Counsel shall effect service on all other Plaintiffs' counsel by
first-class United States mail.  Plaintiffs shall effect service of papers on Defendants by serving a
copy of the paper by overnight mail service or hand delivery on Liaison Counsel for Defendants
and service on all other Defendants' counsel by first-class United States mail.  As an alternative
to the foregoing, service by electronic mail shall be deemed sufficient service hereunder.

       18.    All Plaintiffs' counsel shall keep contemporaneous time records and shall
periodically submit summaries or other records of time and expenses to Co-Lead Counsel in
such manner as Co-Lead Counsel shall require. Failure to provide such documents and/or data
on a timely basis may result in the Court's failure to consider non-compliant counsel's
application for fees and expenses should this litigation be resolved successfully for Plaintiffs.

       19.    Co-Lead Counsel shall be the contact between Plaintiffs' counsel and
Defendants' counsel as well as the spokespersons for Plaintiffs' counsel in the Consolidated
Action.  Co-Lead Counsel shall have the authority to speak for all Plaintiffs in matters regarding
pretrial procedure and settlement negotiations.  No motion, request for discovery or pretrial
proceeding shall be initiated or responded to on behalf of any Plaintiff except by the Co-Lead
Counsel.

497055v2
11:25/03 09:37

DEC-08-2003  12:00      JUDGE VICTOR MARRERO                    212 805 6382    P.08/09

## VI.   OTHER MATTERS

### A.   CONSOLIDATED CLASS ACTION COMPLAINT

20.    Within 30 days after entry of this Order by the Court, Plaintiffs shall file a Consolidated Class Action Complaint ("Consolidated Complaint") on behalf of all Plaintiffs in the Consolidated Action. Defendants shall answer, move or otherwise plead to the Consolidated Complaint within 30 days of the filing of such Consolidated Complaint. If Defendants, or any of them, file a motion under Rule 12 of the Federal Rules of Civil Procedure, Plaintiffs shall respond within 60 days of filing of the motion. Moving Defendants' reply brief shall be due within 30 days of Plaintiffs' response. Defendants shall have no obligation to answer, move or otherwise plead with respect to any of the previously-filed complaints in the Consolidated Action. All other scheduling matters relating to, *inter alia,* discovery and motions, including class certification, will be addressed by the Court in a subsequent order.

### B.   DISCOVERY

21.    All discovery taken in the Consolidated Action will apply to subsequently filed cases and the parties will not be required to repeat discovery already undertaken in the Consolidated Action. Co-Lead Counsel in these coordinated actions will make every effort to avoid duplication, inefficiency and inconvenience to the Court, the parties, counsel and witnesses. Thus, the parties shall use their best effort to avoid duplication of discovery already taken in prior actions and counsel for all plaintiffs shall confer before serving any requests or responses, and they shall eliminate duplicative or overlapping requests or responses. However, nothing stated herein shall be construed to diminish the right of any counsel to be heard on matters that are not susceptible to joint or common action or as to which there is a genuine and substantial disagreement among counsel.

8

C.    PRESERVATION OF EVIDENCE

22.    During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody or control, including computer and electronically generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or may lead to the discovery of information relevant to the subject matter of the pending litigation. Nothing in this paragraph is intended to change or otherwise modify the parties' obligations under the Federal Rules of Civil Procedure.

D.    ADMISSION OF ATTORNEYS

23.    Each attorney not a member of the Bar of this Court, who is acting as counsel for a Plaintiff or Defendant herein, and who is in good standing in any district court of the United States shall be deemed admitted *pro hac vice* to practice before this Court in connection with the Consolidated Action.

**SO ORDERED.**

Dated: New York, New York
        ~~November~~ , 2003
     5 December

_____
Hon. Victor Marrero
U.S. D. J.

497055v2

9

TOTAL P.09