UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERTO E. CALLE GRACEY, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>                v.<br><br>AMARANTH ADVISORS, LLC, NICHOLAS M. MAOUNIS, J.P. MORGAN CHASE & CO., and JOHN DOES NOS. 1-10,<br><br>                Defendants. | Case No. 07 Civ. 6377 (SAS)<br><br>**ECF Case**<br><br><br><br>JURY TRIAL DEMANDED |
| JOHN F. SPECIAL, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>                v.<br><br>AMARANTH ADVISORS, L.L.C., AMARANTH LLC, AMARANTH GROUP INC., AMARANTH INTERNATIONAL LIMITED, AMARANTH PARTNERS LLC, AMARANTH CAPITAL PARTNERS LLC, AMARANTH ADVISORS (CALGARY) ULC, NICHOLAS M. MAOUNIS, BRIAN HUNTER, MATTHEW DONOHOE, ALX ENERGY, INC., JAMES DeLUCIA, J. P. MORGAN FUTURES, INC., and J. P. MORGAN CHASE & CO.,<br><br>                Defendants. | Case No. 07 Civ. 7181 (SAS)<br><br>**ECF Case**<br><br><br><br>JURY TRIAL DEMANDED |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF
MOTION FOR CONSOLIDATION, APPOINTMENT OF CO-
LEAD COUNSEL AND ENTRY OF PRETRIAL ORDER NO. 1**

Plaintiffs Roberto E. Calle Gracey and John F. Special (each a "Plaintiff" and collectively "Plaintiffs") submit this Memorandum in support of their motion for consolidation of their actions and all subsequently filed related actions, appointment of Louis F. Burke, P.C. ("Burke") and Lowey Dannenberg Bemporad Selinger & Cohen, P.C. ("Lowey") as Co-Lead Counsel for Plaintiffs and the putative Class, and entry of Pretrial Order No. 1 in the form annexed as Exhibit 1 to the accompanying Affidavit of Louis F. Burke, sworn to August 22, 2007 (hereafter "Burke Aff.").

## I. CONSOLIDATION

On July 12, 2007, Plaintiff Calle Gracey commenced an action against Defendants Amaranth Advisors, LLC ("Amaranth"), et al. for damages resulting from their alleged violations of the Commodity Exchange Act, 7 U.S.C. § 1, *et seq.* on behalf of himself and the following putative Class:

> All persons other than Defendants, their employees, affiliates and co-conspirators, who purchased or held NYMEX natural gas futures contracts between February 23, 2006 and September 20, 2006 (the "Class Period").

On August 10, 2007, Plaintiff John F. Special commenced his action against Defendants Amaranth Advisors L.L.C. et al. for their alleged manipulation of the prices of NYMEX natural gas futures and options contracts traded during the Class Period. The *Special* action is based on the same facts and claims as the *Calle Gracey* action, and was designated as related to the *Calle Gracey* action. Accordingly, consolidation of this action and all subsequently filed actions related to the *Calle Gracey* action pursuant to Fed. R. Civ. P. 42(a) is eminently appropriate. *See, e.g., Manual for Complex Litigation Fourth*, § 10.123, at 13-14 (2004).

2

## II.  THE COURT SHOULD APPOINT THE PROPOSED FIRMS AS CO-LEAD COUNSEL

### A.  Each of The Proposed Firms Is Qualified To Serve As Lead Counsel

Rule 23(g) of the Federal Rules of Civil Procedure governs the appointment of lead counsel and provides, "The court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(2)(A). "An attorney appointed to serve as class counsel must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). "In appointing class counsel, the court . . . must consider:

- the work counsel has done in identifying or investigating potential claims in the action,

- counsel's experience in handling class actions, other complex litigation, and the claims of the type asserted in the action,

- counsel's knowledge of the applicable law, and

- the resources counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)( c); see also Fogarazzao v. Lehman Bros., Inc., 232 F.R.D. 176, 183 (S.D.N.Y. 2005).

Here, each of these factors is readily satisfied. Counsel have investigated and identified potential claims, as evidenced by the complaints. Each Proposed Co-Lead Counsel have conducted an extensive pre-filing investigation of the facts and law giving rise to this action. This pre-filing investigation included interviews with multiple natural gas market participants, including NYMEX natural gas futures traders, consultation with experts, the review and analysis of market data and commentary, review of testimony before and a staff report issued by the U.S. Senate Permanent Subcommittee on Investigations regarding excessive speculation in the natural gas market by Defendant Amaranth and its employees during the Class Period, and review of

pleadings and consent orders in proceedings before the Commodity Futures Trading Commission ("CFTC") and U.S. Federal Energy Regulatory Commission ("FERC") relating to defendants' alleged manipulation of the prices of NYMEX natural gas futures and options contracts during the Class Period.

Since filing the initial complaints, Plaintiffs' counsel have conferred with counsel for defendants regarding terms of proposed Pretrial Order No. 1.

Moreover, each of the Proposed Co-Lead Counsel law firms has experience serving as co-lead counsel in complex class actions and in prosecuting commodities manipulation class actions. *See* Burke Aff., Exhibits 2-3, Proposed Co-Lead Counsel Firm Resumes. Their prior work in these types of cases demonstrates their knowledge of the applicable law and their ability to commit the necessary resources to adequately represent the class. Hence, Proposed Co-Lead Counsel readily satisfy the requirements of Rule 23(g).

In the most recent major commodity manipulation class action cases in this district, *In re Natural Gas Commodity Litigation*,[1] both Proposed Co-Lead Counsel represented the plaintiffs that successfully obtained a substantial recovery for class members. In *Natural Gas* the district court appointed four co-lead counsel, including the Lowey firm as co-lead counsel. *See* Burke Aff., Exhibit 4, *In re Natural Gas Commodities Litig.*, No. 03 CV 6186, Pretrial order No. 1, ¶ 12

---

[1]   *In re Natural Gas Commodity Litigation*, 03-Civ. 6186 (VM) (S.D.N.Y.). An action was brought against eighteen of the largest energy trading firms in North America for their alleged manipulation of the prices of NYMEX natural gas futures and options contracts by reporting inaccurate, misleading, and false information concerning physical commodity trades to trade publications that compile and publish indices of natural gas spot prices. On September 30, 2005, the United States District Court for the Southern District of New York (Judge Marrero) certified a class consisting of NYMEX natural gas futures traders for the period January 1, 2000 through December 31, 2002. Defendants' Rule 23(f) motion was denied by the United States Court of Appeals for the Second Circuit on August 1, 2006. On May 19, 2006, the district court approved a $72,762,500 partial settlement of the action, and on June 15, 2007, approved an additional settlement of $28,087,500 in full settlement of the action.

(S.D.N.Y. Dec. 5, 2003). The court charged co-lead counsel with coordinating all aspects of the litigation. *Id.* at ¶ 13. The co-lead counsel structure in *Natural Gas* has facilitated the funding of the case and has allowed the co-lead counsel to successfully prosecute the case. Co-lead counsel in *Natural Gas* have successfully litigated class certification through a Rule 23(f) challenge and recovered more than $100,000,000 for the certified class.[2]

In *In re Sumitomo Copper Litigation Sumitomo*, another major commodity manipulation class action case in this district, the district court appointed a three member Executive Committee to prosecute the action, in which the Lowey firm was appointed as one of the three executive committee members in charge of prosecuting the action. *Sumitomo* resulted in a settlement in excess of $145 million, one of the largest recoveries ever in a commodities manipulation case. 182 F.R.D. 85, 95 (S.D.N.Y. 1998). The court specifically found, "Executive Committee counsel appointed by the Court have conducted previous antitrust, securities and commodity futures class actions in this Circuit and have vigorously investigated, developed and prosecuted the claims in this litigation. … Plaintiffs' counsel are qualified for the purposes of Rule 23(a)(4)." *Id.*

### B.     Multiple Lead Counsel Are Appropriate In This Complex Case

In complex cases, the appointment of multiple co-lead counsel is often appropriate. The Advisory Committee Notes for Rule 23(g) expressly address the appointment of multiple co-lead counsel in appropriate circumstances:

> [Rule 23(g)(2)] states that the Court should appoint "class counsel." In many instances, the applicant will be an individual attorney. In other cases, however, an entire firm, or perhaps numerous attorneys who are not otherwise affiliated but are

---

[2]     The Lowey firm was also appointed as one of three co-lead counsel in *In re Crude Oil Commodity Litigation*, Case No. 06 CV 6677 (NRB)(S.D.N.Y).

5

> collaborating on the action will apply. No rule of thumb exists to determine when such arrangements are appropriate; the court should be alert to the need for adequate staffing of the case, but also to the risk of overstaffing or an ungainly counsel structure.

Fed. R. Civ. P. 23, Advisory Committee Notes, 2003 Amendments, Subdivision G, Paragraph 2.

"The crucial inquiry in determining whether co-lead counsel are appropriate is whether they "will enhance, rather than reduce, the efficiency of the litigation."" *In re American Business Financial Services, Inc. Securities Litig.*, No. Civ. A 04-0265, 2004 WL 1221353, *5 (E.D. Pa. June 3, 2004). Courts, including those in this District, have recognized that the appointment of multiple law firms may be appropriate when counsel will not duplicate services. *See, e.g., In re J.P. Morgan Chase Cash Balance Litigation.* 242 F.R.D. 265 (S.D.N.Y. 2007) (appointing three firms as co-lead counsel in ERISA class action); *In re Air Cargo Shipping Services Antitrust Litigation*, 240 F.R.D. 56, 58-9 (E.D.N.Y. 2006)(appointing four firms as co-lead counsel in antitrust class action).

Multiple co-lead firms are able to efficiently litigate cases involving complex factual and legal issues and large potential damages. "[C]omplex litigation places greater demands on counsel in their dual roles as advocates and officers of the court." *Manual For Complex Litigation* § 10.21 (4th Ed. 2004). "The complexity of legal and factual issues" and the "amounts of money or importance of the interests at stake" are important considerations when appointing counsel. *Id.* The *Manual For Complex Litigation* advises that the appointment of lead counsel should achieve "efficiency and economy," but should do so "without jeopardizing fairness to the parties." *Id.* at § 221. In complex cases, the "functions of lead counsel may be divided among several attorneys, but the number should not be so large as to defeat the purpose of making such appointments." *Id.*

6

The appointment of multiple co-lead counsel is especially appropriate in commodities manipulation cases. *See, e.g., In re Sumitomo Copper Litig.*, 74 F. Supp. 2d 393, 395 (S.D.N.Y. 1999). As discussed above, in the *Sumitomo Copper Litigation*, the court appointed an executive committee which included the Lowey firm. *Id.* In the context of approving the attorneys' fee award in that case, the court noted that "[s]uccess and payment for [the co-lead counsel's] efforts were extremely uncertain from the beginning, in circumstances of high risks and almost overwhelming magnitude and complexity." *Id.*

Multiple co-lead counsel have also been approved in commodities manipulation cases in other districts. In *In re Soybeans Futures Litigation*, No. 89 C 7009 (N.D. Ill.), Judge Norgle appointed three co-lead counsel firms to coordinate the massive litigation efforts on behalf of the plaintiff classes.

In this case, the allegations of commodities manipulation involve highly complex legal and factual issues. Proposed Co-Lead Counsel will be required to analyze a significant amount of trading data in both the cash and futures markets for natural gas. Moreover, Proposed Co-Lead Counsel will most likely be required to engage in discovery and depositions throughout the United States and elsewhere. Retention of experts will be necessary. Proposed Co-Lead Counsel have agreed among themselves to divide these various tasks and share the costs incurred in effectively prosecuting this litigation. Efforts by "attorneys coordinate their activities without the court's assistance . . . should be encouraged." *Manual For Complex Litigation* § 10.22.

Moreover, Proposed Co-Lead Counsel will avoid duplication of efforts by delegating among themselves duties pertaining to class certification, discovery, briefing, attendance at hearings, trial preparation and other matters. Proposed Co-Lead Counsel will each share monthly time records so that a meaningful review of time and expenditures may take place. No counsel

will be given work assignments unless they are in compliance with the monthly time submissions. Under these circumstances, Proposed Co-Lead Counsel will ensure the vigorous and fair prosecution of this litigation, while at the same time ensuring efficiency and nonduplication.

## CONCLUSION

Wherefore, for the foregoing reasons, Plaintiffs respectfully request that the Court consolidate the *Special* action and all subsequently filed related actions with the *Calle Gracey* action, appoint Louis F. Burke, P.C. and Lowey Dannenberg Bemporad Selinger & Cohen, P.C. as Co-Lead Counsel, and enter Pre-Trial Order No. 1.

Dated: August 22, 2007

                                                Respectfully submitted,

                                                LOUIS F. BURKE, P.C.

                                                By: Louis F. Burke, Esq. (LB-4686)
                                                460 Park Avenue, 21st Floor
                                                New York, New York 10022
                                                212-682-1700

                                                LOWEY DANNENBERG BEMPORAD
                                                SELINGER & COHEN, P.C.

                                                By: Vincent Briganti, Esq. (VB-1497)
                                                Geoffrey Horn, Esq. (GH-4179)
                                                One North Broadway
                                                White Plains Plaza, 5th Floor
                                                White Plains, New York 10601
                                                914-997-0500

                                                *Attorneys for Plaintiffs and*
                                                *Proposed Co-Lead Counsel*