Herbert S. Washer (HW 2375)
Adam S. Hakki (AH 3561)
Kirsten Nelson Cunha (KC 0283)
**SHEARMAN & STERLING LLP**
599 Lexington Avenue
New York, New York  10022-6069
Tel.:  (212) 848-4000
Fax:  (212) 848-7179

*Attorneys for Amaranth International
Limited*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X
                                  :

IN RE: AMARANTH NATURAL GAS      :
COMMODITIES LITIGATION            :
                                    :      Master File No. 07 Civ. 6377 (SAS)
                                    :

This Document Relates to:         :
                                    :          **ECF CASE**

ALL ACTIONS                      :
                                    :
                                    :
----------------------------------------------------------------X


**AMARANTH INTERNATIONAL LIMITED'S SEPARATE**
**MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**
**CORRECTED CONSOLIDATED CLASS ACTION COMPLAINT**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS .................................................................................................... 2

ARGUMENT ......................................................................................................................... 3

    I.      AIL Is Not Subject To General Jurisdiction ........................................................... 4

    II.     AIL Is Not Subject To Specific Jurisdiction ......................................................... 4

            A.     Plaintiffs Have Not And Cannot Establish A Vicarious Basis For Jurisdiction ................................................................................................ 5

                  1.     There Is No Agency Jurisdiction Over AIL .................................... 5

                  2.     There Is No Alter Ego Jurisdiction Over AIL ................................ 8

CONCLUSION ...................................................................................................................... 10

# TABLE OF AUTHORITIES

## CASES

*Ala. Power Co. v. Tenn. Valley Auth.,* 948 F. Supp. 1010 (N.D. Ala. 1996)...................................9

*Alpine View Co. Ltd. v. Atlas Copco AB,* 205 F.3d 208 (5th Cir. 2000)..........................................8

*Bowman Import/export Ltd. v. F.J. Elsner N.A. Ltd.,* 799 N.Y.S.2d 158 (Sup. Ct. N.Y. County 2004) ...........................................................................................................................9

*Calder v. Jones*, 465 U.S. 783 (1984).................................................................................................10

*Capital Tel. Co. v. FCC*, 498 F.2d 734 (D.C. Cir. 1974)....................................................................9

*Cary Oil Co. v. MG Refin. & Mktg., Inc.*, 230 F. Supp. 2d 439 (S.D.N.Y. 2002)...........................8

*Compaq Computer Corp. v. Ergonome Inc.,* 387 F.3d 403 (5th Cir. 2004) .....................................5

*Conoco Inc. v. FERC,* 90 F.3d 536 (D.C. Cir. 1996)..........................................................................9

*Cunningham v. Water Tan & Co.*, 65 F.3d 1351 (7th Cir. 1995) .......................................................7

*Epps v. Stewart Info. Servs. Corp.,* 327 F.3d 642 (8th Cir. 2003) ...............................................5, 8

*Ez-Tixz, Inc. v. Hit-Tix, Inc.*, No. 93 Civ. 3791 (CSH), 1995 WL 77589 (S.D.N.Y. Feb. 27, 1995) ........................................................................................................................6

*Ferrante Equip. Co. v. Lasker-Goldman Corp.,* 258 N.E.2d 202 (N.Y. 1970) ...............................6

*In re Fidelity/Micron Sec. Litig.*, 964 F. Supp. 539 (D. Mass. 1997)...............................................7

*George Reiner & Co. v. Schwartz*, 363 N.E.2d 551 (N.Y. 1977)......................................................4

*Goldstein v. SEC*, 451 F.3d 873 (D.C. Cir. 2006).............................................................................7

*Kamen v. AT&T Co.*, 791 F.2d 1006 (2d Cir. 1986)..........................................................................2

*Karabu Corp. v. Gitner,* 16 F. Supp. 2d 319 (S.D.N.Y. 1998)..........................................................4

*Kolbeck v. LIT Am., Inc.*, 923 F. Supp. 557 (S.D.N.Y. 1996), *aff'd,* 152 F.3d 918 (2d Cir. 1998)..................................................................................................................8

*Kreutter v. McFadden Oil Corp.*, 522 N.E.2d 40 (N.Y. 1988)..........................................................5

*Landoil Res. Corp. v. Alexander & Alexander Servs.,* 565 N.E.2d 488 (N.Y. 1990)......................4

*McKee Elec. Co. v. Rauland-Borg Corp.*, 229 N.E.2d 604 (N.Y. 1967)........................................4

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560 (2d Cir. 1996)..................................3

*Meyer v. Holley*, 537 U.S. 280 (2003) ......................................................................................6

*Molozanov v. Quantum Telecomms. Ltd.,* No. 05 Civ 5270 (NRB), 2006 WL 897206
     (S.D.N.Y. Apr. 6, 2006).........................................................................................5, 9

*In re Natural Gas Commodity Litig.*, 337 F. Supp. 2d 498 (S.D.N.Y. 2004)............................6, 7

*Niagara Mohawk Energy Mktg, Inc. v. Entergy Power Mktg. Corp.*, 706 N.Y.S.2d 794
     (App. Div. 4th Dep't 2000) .......................................................................................3

*Polansky v. Gelrod*, 798 N.Y.S.2d 762 (App. Div. 3d Dep't 2005)............................................5, 6

*Rush v. Savchuk,* 444 U.S. 320 (1980).......................................................................................10

*Seiko Time Corp. v. Pascual*, 117 F.R.D. 354, *amended on other grounds,* 117 F.R.D 359
     (S.D.N.Y. 1987) .........................................................................................................6

*Stewart v. Volkswagen of Am., Inc.*, 613 N.E.2d 518 (N.Y. 1993)...................................................3

*Stotler v. CFTC*, 855 F.2d 1288 (7th Cir. 1988) .........................................................................7

*Tauza v. Susquehanna Coal*, 115 N.E. 915 (N.Y. 1917) ...............................................................4

*Time, Inc. v. Simpson,* No. 02 Civ. 4917 (MBM), 2003 WL 23018890 (S.D.N.Y.
     Dec. 22, 2003)..........................................................................................................5, 6

*Transcon. Gas Pipe Line Corp. v. FERC,* 998 F.2d 1313 (5th Cir. 1993) ....................................9

*Weil v. Am. Univ.,* No. 07 Civ 7748 (DAB), 2008 WL 126604 (S.D.N.Y. Jan. 2, 2008) .............2

*Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.,* 751 F.2d 117 (2d Cir. 1984)...........5

## STATUTES

7 U.S.C. § 1 (2002) ........................................................................................................1, 6, 7

Fed. R. Civ. P. 8 ...............................................................................................................1

Fed. R. Civ. P. 9(b) ..........................................................................................................1

Fed. R. Civ. P. 12(b)(1)......................................................................................................1, 2, 10

Fed. R. Civ. P. 12(b)(2)...................................................................................................1, 2, 9, 10

Fed. R. Civ. P. 12(b)(6)..........................................................................................................1, 10

Fed. R. Civ. P. 4(k)(1)(A)............................................................................................................3

N.Y. C.P.L.R. 301........................................................................................................................3

N.Y. C.P.L.R. 302(a)...................................................................................................................3

N.Y. C.P.L.R. 302(a)(1)..............................................................................................................4

S. Rep. No. 101-337 (1990).........................................................................................................7

Amaranth International Limited ("AIL") respectfully submits this separate memorandum of law in support of its motion to dismiss plaintiffs' corrected consolidated class action complaint with prejudice pursuant to Federal Rules of Civil Procedure 8, 9(b), 12(b)(1), (b)(2), and (b)(6). This memorandum sets forth AIL's arguments in support of dismissal for lack of personal jurisdiction. AIL's other arguments are set forth in the joint memorandum of law filed on behalf of AIL, Amaranth LLC, and the other fund entity defendants.[1]

## PRELIMINARY STATEMENT

AIL is a Bermuda investment company that invested in Amaranth LLC (the "Master Fund"), a Cayman Islands investment company. Plaintiffs allege that Amaranth Advisors LLC ("Advisors"), which managed the assets of the Master Fund, engaged in trading in the United States that violated the Commodity Exchange Act (the "CEA"). Plaintiffs do not allege that AIL participated in, or knew about, any of the alleged wrongful conduct at issue in this action.

Plaintiffs seek to hold AIL liable simply because it passively invested in a hedge fund that, in turn, had its assets managed by Advisors. So far as AIL is aware, no court has ever sustained such a claim under the CEA against a mutual or hedge fund investor. In fact, it does not appear that any plaintiff has even attempted to pursue this theory before. Even worse, AIL is a *foreign* investor in a *foreign* hedge fund and did no business in the United States. Thus, plaintiffs' case against AIL not only violates the CEA and the most basic principles of shareholder limited liability, but it also blatantly disregards the limits of this Court's personal jurisdiction.

---

[1] On June 2, 2008, during a conference call with the parties, the Court directed AIL to provide its personal jurisdiction arguments in this separate, 10-page brief.

1

The Court should dismiss the claims against AIL with prejudice.[2]

## STATEMENT OF FACTS[3]

AIL is a private investment fund organized under Bermuda law. (Corrected Consolidated Complaint, dated Feb. 14, 2008 ("Compl.") ¶ 26; Declaration of Roderick M. Forrest, dated April 25, 2008 ("Forrest Decl.") ¶ 1.) AIL invests in the Master Fund, a Cayman Islands investment company. (Compl. ¶ 26; Forrest Decl. ¶ 3.) AIL's relationship with the Master Fund is, and at all relevant times was, solely as a passive investor. (Forrest Decl. ¶ 3.)

Advisors acts as investment advisor to the Master Fund pursuant to an investment advisory agreement by which the Master Fund delegated plenary trading authority to Advisors. (Compl. ¶ 22; Forrest Decl. ¶ 3.) AIL is not a party to that agreement and, at all relevant times, had no legal, contractual, or agency relationship with Advisors or any other party named in these proceedings (other than as a passive investor in the Master Fund). (Forrest Decl. ¶ 3.) AIL has no authority to control, influence, or participate in the investment decisions of Advisors. (*Id.* ¶ 4.)

AIL had no role in any of Advisors' trading decisions, including the alleged transactions at issue in this lawsuit. (*Id.*) AIL was not a party to any of the transactions, and none of the transactions was consummated on AIL's behalf, for AIL's account, as agent for AIL, or involved AIL's assets. (*Id.*) AIL had no knowledge of the alleged scheme or the allegedly improper transaction strategies at issue. (*Id.*)

---

[2] AIL certifies that, on April 1, 2008, it sent a letter to plaintiffs' counsel summarizing its arguments in support of this motion as required by the Court's rules.

[3] AIL provides the facts set forth in the Declaration of Roderick M. Forrest ("Forrest Decl.") solely for purposes of its Rule 12(b)(1) and 12(b)(2) arguments. In deciding motions under Rules 12(b)(1) and 12(b)(2), the Court may review evidence outside the pleadings, including affidavits and declarations. *See Weil v. Am. Univ.,* No. 07 Civ. 7748 (DAB), 2008 WL 126604, at *3 (S.D.N.Y. Jan. 2, 2008); *Kamen v. AT&T Co.,* 791 F.2d 1006, 1011 (2d Cir. 1986).

AIL's registered office is in Bermuda. (*Id.* ¶ 1.)  The Board of Directors of AIL consists entirely of two directors, both Bermuda lawyers. (*Id.* ¶ 2.)  These directors reside in Bermuda and are wholly independent from Advisors. (*Id.* ¶¶ 2-3.)  AIL has no, and at all relevant times had no, directors, officers, or employees who work or reside in the United States. (*Id.* ¶ 2.)  AIL is not, and never has been, licensed or qualified to do business (or otherwise registered) in the United States. (*Id.*)  AIL does not have, and at all relevant times did not have: (i) a registered agent for service of process; (ii) a post office box; or (iii) even a telephone listing in the United States. (*Id.*)  AIL has (i) never owned or leased any real property in the United States; (ii) never paid, and has never been required to pay, taxes in the United States; and (iii) never commenced any suit in any court of the United States. (*Id.*)

Consistent with Bermuda law, control of AIL is vested in its Board of Directors. (*Id.*) AIL's Board of Directors is elected by its investors, not by an Amaranth-affiliated person or entity. (*Id.*)  None of the other defendants, or any of their employees or agents has, or at any relevant time had, a seat or representation on AIL's board. (*Id.*)

None of the facts recited above or in the Forrest Declaration is contradicted by any well-pleaded factual allegation in the complaint.

## ARGUMENT

The scope of this Court's personal jurisdiction is governed by New York's long-arm statute.  *See* Fed R. Civ. P. (4)(k)(1)(A).  Personal jurisdiction is determined according to CPLR Sections 301 and 302(a), both of which require the defendant to have meaningful and purposeful contacts with New York.  *See, e.g.*, *Niagara Mohawk Energy Mktg, Inc. v. Entergy Power Mktg. Corp.*, 706 N.Y.S.2d 794, 795-96 (App. Div. 4th Dep't 2000).  Plaintiffs bear the burden of demonstrating jurisdiction.  *Stewart v. Volkswagen of Am., Inc.*, 613 N.E.2d 518, 521 (N.Y. 1993); *see also Metro. Life Ins. Co. v. Robertson-Ceco Corp.,* 84 F.3d 560, 566 (2d Cir. 1996).

## I.    AIL Is Not Subject To General Jurisdiction

General "personal jurisdiction is proper if the defendant is 'doing business' in New York so as to establish a presence in the State.  The defendant must be doing business 'not occasionally or casually, but with a fair measure of permanence and continuity.'" *Karabu Corp. v. Gitner,* 16 F. Supp. 2d 319, 322 (S.D.N.Y. 1998) (citing *Landoil Resources Corp. v. Alexander & Alexander Servs.,* 565 N.E.2d 488, 490 (N.Y. 1990)).  Presence in the state generally requires that the defendant conduct business in New York on a regular, day-to-day basis.  *See Tauza v. Susquehanna Coal Co.*, 115 N.E. 915 (N.Y. 1917) (Cardozo, J.).  Here, there can be no serious argument that AIL conducts any business in New York, let alone on a continual and systematic basis.  (*See supra,* pages 2-3.)

## II.    AIL Is Not Subject To Specific Jurisdiction

A defendant is subject to personal jurisdiction in New York if it "transacts any business within the state or contracts anywhere to supply goods or services in the state" where the claim relates to that conduct.  CPLR § 302(a)(1); *see also George Reiner & Co. v. Schwartz*, 363 N.E. 2d 551, 553, (N.Y. 1977); *McKee Elec. Co. v. Rauland-Borg Corp.*, 229 N.E.2d 604, 607 (N.Y. 1967).  AIL does not have *any* contacts with New York, let alone any contacts related to the conduct at issue.  AIL had absolutely no role in any of Amaranth Advisors' trading decisions, including the alleged transactions that are the subject of these proceedings.  (*See supra,* pages 2-3.)  Plaintiffs make no factual allegations to the contrary.  Accordingly, there is no specific jurisdiction over AIL.

**A.     Plaintiffs Have Not And Cannot Establish A Vicarious Basis For Jurisdiction**

A plaintiff may sometimes establish personal jurisdiction by establishing that an agent of a non-New York defendant committed wrongful acts in New York on behalf of the defendant. *See Time, Inc. v. Simpson,* No. 02 Civ. 4917 (MBM), 2003 WL 23018890, at *4 (S.D.N.Y. Dec. 22, 2003) (citing *Kreutter v. McFadden Oil Corp.*, 522 N.E.2d 40, 44 (N.Y. 1988)); *Polansky v. Gelrod,* 798 N.Y.S.2d 762, 763 (App. Div. 3d Dep't 2005).  In addition, where the strict requirements for veil piercing/alter ego treatment are met, jurisdiction can be asserted over a foreign party that engaged in wrongful conduct in the United States through an alter ego.  *See, e.g.*, *Compaq Computer Corp. v. Ergonome Inc.*, 387 F.3d 403, 413 (5th Cir. 2004); *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 648-650 (8th Cir. 2003); *Volkswagenwerk Aktiengesellschaft v. Beech Aircraft Corp.,* 751 F.2d 117, 120-122 (2d Cir. 1984); *Molozanov v. Quantum Telecommunications Ltd.,* No. 05 Civ. 5270 (NRB), 2006 WL 897206, at *3 (S.D.N.Y. Apr. 6, 2006).  Neither an agency nor alter ego theory of jurisdiction is available here.

**1.     There Is No Agency Jurisdiction Over AIL**

To establish personal jurisdiction on the basis of agency, a plaintiff must "convince the court that [the agent] engaged in purposeful activities in [New York] in relation to [the relevant] transaction for the benefit of and with the knowledge and consent of the … defendant[]."  *Time, Inc. v. Simpson,* 2003 WL 23018890, at *4 (citing *Kreutter,* 522 N.E.2d at 44).  In addition, the plaintiff also must establish that the "defendant[] exercised sufficient control over [the alleged agent] to make him [an] agent [of the defendant]."  *See Polansky,* 798 N.Y.S.2d at 763.

None of the necessary components of an agency relationship is alleged or present here. Plaintiffs do not allege that AIL had any knowledge of the alleged manipulative conduct at issue, consented to any such conduct, or had any control whatsoever over any of the alleged conduct.

AIL was merely a passive investor in the Master Fund. It had no agency relationship with Amaranth Advisors or any other party named in these proceedings. (Forrest Decl. ¶¶ 3-4); *see Time, Inc.,* 2003 WL 23018890, at *6 (rejecting agency theory of personal jurisdiction where plaintiff made only conclusory allegations with respect to defendant's knowledge of, consent to, and control over, alleged agent's conduct); *Polansky,* 798 N.Y.S.2d at 764 (rejecting agency theory of personal jurisdiction where "plaintiff offer[ed] only the conclusory allegation" of agency).

Permitting jurisdiction over AIL under an agency theory also would violate the basic rule that a shareholder is not liable or subject to jurisdiction based on the conduct of an alleged agent of a corporation in which the shareholder invested. *See Seiko Time Corp. v. Pascual,* 117 F.R.D. 354, 357 n.2, *amended on other grounds,* 117 F.R.D. 359 (S.D.N.Y. 1987) ("[T]he mere fact that [defendant] is a controlling shareholder of a corporation concededly doing business in New York would be insufficient to sustain jurisdiction …..") (citing *Ferrante Equip. Co. v. Lasker-Goldman Corp.,* 258 N.E.2d 202, 204 (N.Y. 1970)); *see also Meyer v. Holley,* 537 U.S. 280, 282 (2003) ("traditional agency principles … normally impose[] vicarious liability upon the corporation but not upon its officers or owners."); *Ez-Tixz, Inc. v. Hit-Tix, Inc.*, No. 93 Civ. 3791 (CSH), 1995 WL 77589, at *6 (S.D.N.Y. Feb. 27, 1995) ("[A] stockholder is not merely by reason of his stock interest, liable at common law for any of the obligations of a corporation.").

The decision in *In re Natural Gas Commodity Litig.,* 337 F. Supp. 2d 498, 507 (S.D.N.Y. 2004) is instructive. There, the court declined to treat corporate parents as vicariously liable for the actions of their subsidiaries under the CEA. The plaintiffs had alleged only that the parent companies wholly owned the subsidiaries, and that such ownership gave them control of the

subsidiaries sufficient to establish vicarious liability. *Id.* at 515-16. The Court rejected that theory of liability, holding that:

> Subsection 2(a)(1)(B) imposes the common law standards of respondeat superior liability on principals for the actions or inactions of their agents. But the Court cannot ignore the equally well-established principles limiting piercing a corporate veil. Plaintiffs have not identified, nor has the Court located, any case in which corporate parents were held liable for the actions of their corporate subsidiaries under § 2(a)(1)(B). Rather, it appears that § 2(a)(1)(B) has been used as the doctrine of respondeat superior has traditionally been applied – to hold employers liable for the wrongs of their employees in certain situations.

*Id.* at 515.

The complaint's allegations that "investors invested directly into Amaranth International, which invested substantially all of its capital in Amaranth LLC," (Compl. ¶ 26), that "Amaranth LLC then invested the funds on a global basis," (*id.*), and that "Amaranth Advisors was the entity that directed the investments … under the Advisory Agreement between Amaranth LLC and Amaranth Advisors," (*id.* ¶ 22), are even weaker than those in *Natural Gas*. AIL is not even alleged to have *owned* the company that engaged in the alleged wrongdoing, Amaranth Advisors. It is merely alleged to have *invested in* a company whose assets Amaranth Advisors managed.[4]

---

[4] The D.C. Circuit has explicitly recognized that investors in a hedge fund are not the principals of the fund's investment advisor. *See Goldstein v. SEC*, 451 F.3d 873, 879-81 (D.C. Cir. 2006) ("[i]t simply cannot be the case that investment advisers are the servants of [both the fund and its investors]"). It is also worth noting that courts regularly defer to CFTC determinations of agency because the determination of agency liability under the CEA is a matter of policy. *See Cunningham v. Water Tan & Co.,* 65 F.3d 1351, 1357 (7th Cir. 1995); *Stotler v. CFTC,* 855 F.2d 1288, 1292 (7th Cir. 1988). The CFTC has not named AIL or any other fund entities in the enforcement proceeding arising from the same alleged conduct at issue in this lawsuit. The CFTC's approach in this case is in accord with federal policy with respect to holding investment funds liable under the analogous securities laws. *See In re Fidelity/Micron Sec. Litig.*, 964 F. Supp. 539, 543-44 (D. Mass. 1997) (only the investment advisor and not a mutual fund could be pursued under Section 10(b)); S. Rep. No. 101-337, at 16 n.17 (1990) (passive investment vehicles should not be held liable for the conduct of their investment advisors).

### 2. There Is No Alter Ego Jurisdiction Over AIL

Jurisdiction may be established over a non-New York defendant where it is properly alleged and proven that a non-New York defendant was acting in New York through an alter ego. But that is permitted only where the strict requirements for veil piercing/alter ego treatment are shown. *See, e.g.*, *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 217-19 (5th Cir. 2000) (plaintiff must show that subsidiary was alter ego of foreign parent in order for exercise of personal jurisdiction over foreign parent to comport with due process requirements); *Epps*, 327 F.3d at 648-650 (to comport with due process "[p]ersonal jurisdiction can be based on the activities of the nonresident corporation's in-state subsidiary, but only if the parent so controlled and dominated the affairs of the subsidiary that the latter's corporate existence was disregarded so as to cause the residential corporation to act as the nonresidential corporate defendant's alter ego.").

To invoke alter ego jurisdiction, plaintiffs must establish that: (1) AIL exercised complete domination over Advisors with respect to the trading at issue, and (2) such domination was used to commit the wrong in question. *Cary Oil Co. v. MG Refin. & Mktg., Inc.*, 230 F. Supp. 2d 439, 458 (S.D.N.Y. 2002); *Kolbeck v. LIT Am., Inc.*, 923 F. Supp. 557, 569 (S.D.N.Y. 1996), *aff'd,* 152 F.3d 918 (2d Cir. 1998).

Any suggestion that these requirements are met as to AIL would be frivolous. First, Plaintiffs do not and cannot claim that AIL *owned* Advisors. That alone bars alter ego treatment. Second, Plaintiffs do not allege any facts suggesting that AIL dominated and controlled Advisors and the trading in question. Plaintiffs do not even allege that AIL knew about the alleged manipulative scheme, much less dominated and controlled the trading decisions underlying the alleged scheme. Third, there is no serious suggestion that the funds were structured to facilitate

the alleged manipulation, or that the manner in which the funds were structured had anything to do with the alleged wrongdoing or injury.

Plaintiffs' conclusory allegation that AIL was part of a "tightly knit association-in-fact, which operated as a single entity," (Compl. ¶¶ 29, 32), is no substitute for well-pleaded factual allegations that could support alter ego treatment. *See Molozanov,* 2006 WL 897206, at *3 (granting Cayman Island entity's motion to dismiss for lack of personal jurisdiction where plaintiff's conclusory allegations were insufficient to establish the requisite domination and control for purposes of treating the Cayman entity as an alter ego of the domiciliary defendant); *Bowman Import/export Ltd. v. F.J. Elsner N.A. Ltd.,* 799 N.Y.S.2d 158 (Sup. Ct. N.Y. County 2004) (denying personal jurisdiction over parent corporation where plaintiff failed to establish any basis to pierce the corporate veil of the parent's New York subsidiary). Furthermore, the Forrest Declaration – which the Court may properly consider in deciding a Rule 12(b)(2) motion – makes clear that AIL was a legitimate and independent corporate entity that did not own, dominate, or control Advisors' trading.[5]

* * *

---

[5] The federal administrative law "single entity" doctrine has no application here. The doctrine – which has essentially the same requirements (including common ownership, domination, and control) as the alter ego theory – is available only to federal regulatory agencies and thus could not be satisfied here in any event for all of the reasons AIL is not subject to alter ego jurisdiction. *See, e.g., Transcon. Gas Pipe Line Corp. v. FERC*, 998 F.2d 1313, 1318, 1320 (5th Cir. 1993); *Capital Tel. Co. v. FCC*, 498 F.2d 734, 738 (D.C. Cir. 1974); *Conoco Inc. v. FERC*, 90 F.3d 536 (D.C. Cir. 1996); *Ala. Power Co. v. Tenn. Valley Auth.*, 948 F. Supp 1010, 1024 (N.D. Ala. 1996). A review of cases applying the doctrine (*see generally id.*) reveals that the doctrine is used principally to provide regulators the flexibility to enforce regulations where a regulated corporation is using an unregulated affiliate to circumvent regulation. That is not alleged here. Finally, the single entity doctrine does not appear to be a basis to assert personal jurisdiction even in cases brought by federal agencies. Rather, it is used by agencies to enforce regulations against an entity already subject to jurisdiction.

Plaintiffs have no basis to claim jurisdiction over AIL.  Plaintiffs cannot undo the strict

legal rules for agency and alter ego jurisdiction simply by self-servingly lumping AIL together

with the other "Amaranth Defendants" throughout their complaint.  Under settled constitutional

law, "[e]ach defendant's contacts with the [jurisdiction] must be assessed individually." *Calder

v. Jones,* 465 U.S. 783, 790 (1984); *see also Rush v. Savchuk,* 444 U.S. 320, 331-32 (1980) (state

court's effort to "consider[] the defending parties together and aggregat[e] their forum contacts

in determining whether it had jurisdiction" was "plainly unconstitutional").[6]

## CONCLUSION

AIL respectfully requests that the Court enter an order dismissing all claims against it

with prejudice.

Dated:    New York, New York
          June 23, 2008

                              Respectfully Submitted,


                              SHEARMAN & STERLING LLP
                              By:    /s/ Adam S. Hakki
                                     Herbert S. Washer (HW 2375)
                                     Adam S. Hakki (AH 3561)
                                     Kirsten Nelson Cunha (KC 0283)

                                     599 Lexington Avenue
                                     New York, New York  10022
                                     Tel:  (212) 848-4000
                                     Fax:  (212) 848-7179

                                     *Attorneys for Amaranth*
                                     *International Limited*

---

[6] It should be noted that plaintiffs have failed to state a claim under Rule 12(b)(6) or establish standing under Rule 12(b)(1) for the very same reasons they have failed to establish jurisdiction. Their conclusory allegations of agency and "single entity"/alter ego status cannot support a finding of vicarious *liability or jurisdiction*.  AIL's Rule 12(b)(6) and 12(b)(1) arguments are set forth in the fund entities' joint brief, but the discussion of agency and alter ego jurisdiction for purposes of Rule 12(b)(2) in this brief applies equally to those arguments.