Herbert S. Washer (HW 2375)
Adam S. Hakki (AH 3561)
Kirsten Nelson Cunha (KC 0283)
**SHEARMAN & STERLING LLP**
599 Lexington Avenue
New York, New York  10022-6069
Tel.:  (212) 848-4000
Fax:  (212) 848-7179

*Attorneys for Amaranth International Limited*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
                                         :
IN RE: AMARANTH NATURAL GAS  :
COMMODITIES LITIGATION             :
                                         :  Master File No. 07 Civ. 6377 (SAS)
                                         :
This Document Relates to:              :
                                         :  **ECF CASE**
ALL ACTIONS                            :
                                         :
                                         :
----------------------------------------------------------------X

**AMARANTH INTERNATIONAL LIMITED'S SEPARATE REPLY
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS
CORRECTED CONSOLIDATED CLASS ACTION COMPLAINT**

AIL's initial brief and accompanying declaration demonstrated that long-arm (*i.e.*, specific) jurisdiction cannot be established here. (AIL Br. 4-10.)[1] In particular, AIL demonstrated that (1) it is a legitimate, separately owned and controlled Bermuda company, (2) Amaranth Advisors LLC ("Advisors") is not its agent, and (3) AIL's only connection to the allegedly wrongful trading was as a shareholder of the Master Fund. (*Id.*) Plaintiffs have responded by repeating their wholly conclusory allegation that Advisors was a "broadly empowered agent" of AIL. (Pls. Br. 51.) The case law categorically bars a finding of jurisdiction based on conclusory allegations of agency (*see* AIL Br. 5-6). That is especially clear where, as here, the defendant has provided an unrebutted declaration showing no agency relationship. All plaintiffs have factually pleaded is that AIL was a shareholder of the Master Fund. Under settled precedent, that is no basis for jurisdiction or liability. (*Id.* at 6-7.)[2]

Contrary to plaintiffs' arguments, AIL cannot be found subject to jurisdiction or liable under a "common enterprise" theory. (*See* Pls. Br. 55-56.) Authorities applying the theory are inapposite. *See CFTC v. Wall Street Underground, Inc.*, 281 F. Supp. 2d 1260, 1271 (D. Kan. 2003) (relying on factors not present here such as common control and commingling of corporate funds); *CFTC v. Nobel Wealth Data Info. Servs.*, 90 F. Supp. 2d 676, 677 (D. Md. 2000) (entity sought to be held liable was successor to other entity, had the same employees, and was commonly owned and controlled); *CFTC v. Baragos*, 278 F.3d 319 (4th Cir. 2002) (same).[3]

---

[1] At a July 7, 2008 conference before the Court, AIL requested and was granted permission to file this two-page reply brief.

[2] Plaintiffs appear to concede, as they must, that they cannot establish vicarious jurisdiction based on an alter ego, veil piercing, or single entity theory. (*See* AIL Br. 4-10.)

[3] *SEC. v. Glenn W. Turner Enters.*, 474 F.2d 476, 482 (2d Cir. 1973), effectively involved an old-fashioned Ponzi-scheme where investors/participants were tasked with finding more investors to achieve a return on their own investment. That is not alleged here.

Plaintiffs observe that Amaranth International Advisors L.L.C. ("Amaranth International") was AIL's trading advisor. (*See generally* Pls. Br.) This relationship, addressed in detail in the accompanying supplemental declaration of Roderick M. Forrest, is no basis for specific jurisdiction or liability. Amaranth International did not make (and is not alleged to have made) any of the trades at issue in this action. (Supp. Forrest Decl. ¶¶ 3-4.) AIL invested principally in the Master Fund and did not invest at all in the commodities markets, through Amaranth International, or anyone else. (*Id.* ¶¶ 3-4, 7.)[4]

Nor is AIL's retention of Amaranth International as its trading advisor remotely sufficient to create general jurisdiction. *See Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000) ("The casual presence of a corporate agent in the forum is not enough to subject the corporation to suit where the cause of action is unrelated to the agent's activities."). The only activities plaintiffs claim Amaranth International engaged in on AIL's behalf are filing notices exempting the sale of AIL's shares from registration under the U.S. securities laws and filing "commodity pool" exemptions under the CEA. Neither set of filings is alleged to have been wrongful, and AIL is aware of no authority suggesting that such filings could be a basis for general jurisdiction. *Sherritt*, 216 F.3d at 1292-93 (issuing securities to investors in U.S. does not create general jurisdiction). Furthermore, the securities notice was an *exemption from U.S. registration* (and thus the opposite of a submission to jurisdiction), and the exemption to be managed as a commodity pool was never even exercised. (Supp. Forrest Decl. ¶¶ 4-7.)

---

[4] Not surprisingly, Amaranth International is not even named as a defendant in this proceeding, and neither Amaranth International nor AIL is named in the related CFTC action.

Dated:   New York, New York
         July 14, 2008

                              Respectfully Submitted,

                              SHEARMAN & STERLING LLP
                              By:   /s/ Adam S. Hakki
                                  Herbert S. Washer (HW 2375)
                                  Adam S. Hakki (AH 3561)
                                  Kirsten Nelson Cunha (KC 0283)

                                  599 Lexington Avenue
                                  New York, New York  10022
                                  Tel:  (212) 848-4000
                                  Fax:  (212) 848-7179

                                  *Attorneys for Amaranth*
                                  *International Limited*