UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
IN RE: AMARANTH NATURAL GAS                                 :
COMMODITIES LITIGATION                                      :
                                                            :    Master File No. 07 Civ. 6377 (SAS)
                                                            :
This Document Relates to:                                   :
                                                            :    **ECF CASE**
ALL ACTIONS                                                 :
                                                            :
                                                            :
                                                            :
------------------------------------------------------------X


## SUPPLEMENTAL DECLARATION OF RODERICK M. FORREST IN FURTHER SUPPORT OF AMARANTH INTERNATIONAL LIMITED'S MOTION TO DISMISS CORRECTED CONSOLIDATED CLASS ACTION COMPLAINT

RODERICK M. FORREST, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I make this declaration in further support of Amaranth International Limited's ("AIL") Motion to Dismiss Plaintiffs' Corrected Consolidated Class Action Complaint, and in response to Plaintiffs' Consolidated Memorandum of Law in Opposition and the accompanying Declaration of Vincent Briganti, Esq.

2. I am one of two members of the Board of Directors of AIL, a private investment fund organized as a limited liability company under Bermuda law. I have served on AIL's Board of Directors at all relevant times and am a qualified Bermuda lawyer. As a member of the Board, I am fully familiar with AIL's Bye-laws and other constituent documents, its contracts and agreements, the appointment of its officers, its regulatory filings, and any other corporate acts undertaken by AIL.

3. As outlined in my initial declaration, AIL was not involved in any of the alleged conduct at issue in this action:

(a) AIL had no legal, contractual, or agency relationship of any kind with Amaranth Advisors LLC ("Advisors") or Amaranth Advisors (Calgary) LLC;

(b) AIL was not a party to any of the trading in question, nor was any of the trading undertaken for its account or on its behalf;

(c) AIL's assets were not used or employed in the trading in question;

(d) AIL's sole connection to this case is that it is a shareholder of Amaranth LLC (the "Master Fund"), a Cayman Islands company whose assets were traded by Advisors pursuant to an investment advisory agreement;

(e) AIL had no knowledge of (or participation in) the purported manipulative scheme alleged in this action;

(f) AIL was not controlled by any entity or person other than its two directors, both of whom are Bermuda residents and have no affiliation with any other Amaranth entity;

(g) AIL has no parents, subsidiaries, or affiliates in the United States or anywhere else, and AIL did not and cannot control any other entity;

(h) To the best of my knowledge and belief, AIL complied with all the requirements and formalities for status as a Bermuda limited liability company; and

(i) AIL was not licensed or registered to do business in the United States and maintained no offices, employees, or operations in the United States.

4. Plaintiffs have noted that Amaranth International Advisors L.L.C. ("Amaranth International"), a Delaware limited liability company, was appointed AIL's "trading advisor" pursuant to an advisory agreement. (See Briganti Decl. Ex. 1.) However, Amaranth International did not participate (and is not alleged to have participated) in the commodities

futures trading at issue in this action. Amaranth International is not even named as a defendant in this action or the related action filed by the CFTC (which, unlike this action, does not name AIL as a defendant). Although Amaranth International was empowered to trade commodities futures on behalf of AIL, it never did so. Substantially all of AIL's assets were invested in the Master Fund, and none of its assets were invested in the United States commodities markets, let alone the trading at issue in this action.

5. As a director, I am aware that AIL provided "Notices of Sale" to the United States Securities and Exchange Commission (the "SEC") on Form D. (See Briganti Decl. Exs. 8 and 9.) While I am not a United States lawyer, my understanding in my capacity as a director of AIL and counsel to (and/or a board member for) other Bermuda investment companies, is that Form D notices are provided to advise the SEC that securities have been offered to United States investors in an offering that is exempt from registration under the United States securities laws. AIL provided Form D notices to the SEC because its investors included investors in the United States. Consistent with Form D, these investments were not registered under the United States securities laws; they were exempted from registration. Provision of Form D notice was not consent to jurisdiction in the United States, and the form does not suggest otherwise.

6. The Form D notices list various employees or officers of Amaranth International, including Nicholas Maounis, as "Executive Officers." None of these individuals (nor anyone else associated with Advisors or any other entity involved in this action) was ever an officer, director, or employee of AIL. AIL's directors, as provided for in its Bye-Laws, were empowered to appoint officers and employees pursuant to board resolutions. AIL's directors never made such appointments. My understanding is that the reason that individuals from Amaranth International are listed on the Form D notices is that the regulations governing the notices (see 17 C.F.R. section 230.501(f)) define the term "Executive officer" broadly enough

arguably to encompass officers of AIL's trading advisor, Amaranth International, because the trading advisor held various powers under its advisory agreement with AIL.

7.   In my capacity as a Director of AIL, I am aware that Amaranth International claimed exemptions as a "commodity pool operator" with the National Futures Association and Commodity Futures Trading Commission with respect to AIL's assets. (See Briganti Decl. Exs. 4 and 5.) As noted previously, Amaranth International, as trading advisor, was technically empowered to trade commodities in the United States on behalf of AIL. My understanding is that this is the reason Amaranth International sought the exemptions. To the best of my information and belief, Amaranth International ultimately did not trade commodities or futures on behalf of AIL.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 14, 2008

_____
Roderick M. Forrest