# LOVELL STEWART HALEBIAN LLP

ATTORNEYS AT LAW
500 FIFTH AVENUE
NEW YORK, NEW YORK 10110
www.lshllp.com

TELEPHONE
(212) 608-1900

FACSIMILE
(212) 719-4775

July 18, 2008

**VIA HAND DELIVERY**

Honorable Shira A. Scheindlin
United States District Court
Southern District of New York
500 Pearl Street, Room 1050
New York, New York 10007

RECEIVED
CHAMBERS OF
JUL 21 2008
JUDGE SCHEINDLIN

Re:   *In re Amaranth Natural Gas Commodities Litig.* (S.D.N.Y. 07-CV-6377)

Dear Judge Scheindlin:

Pursuant to the telephone call from Chambers yesterday, Plaintiffs respectfully submit this letter in response to Defendant Hunter's request to block production of his self-same personal trading records that he already produced to the Commodity Futures Trading Commission ("CFTC").

Defendant Hunter's personal trading records are highly relevant under extensive authority **including** one decision handed down **yesterday.**

- Federal Energy Regulatory Commission ("FERC") Order, issued July 17, 2008, Denying Rehearing, Motions for Stay, and Motions for Summary Disposition in *In re Amaranth Advisors L.L.C., et al.* (Docket No. IN07-26-000) (a copy of the FERC Order is enclosed herewith);[1]

- *CFTC v. Amaranth Advisors, L.L.C. et al.*, __ F. Supp.2d __, 2008 WL 2123323 (S.D.N.Y. May 21, 2008); and

- *CFTC v. Amaranth Advisors, L.L.C. et al.*, 2008 U.S. Dist. LEXIS 45638 (S.D.N.Y. June 10, 2008).

**I.**

First, all three of the above decisions reject Defendants' core premise on their motions to dismiss Plaintiffs' claims in this action. That is, Defendants argue that large trading and an intent to manipulate, without more, supposedly cannot constitute manipulation. *E.g.,* FERC Order at pp. 26-30.

---

[1] The Defendants or "respondents" in the FERC proceeding are Brian Hunter, Amaranth Advisors L.L.C., Amaranth LLC, Amaranth Management Limited Partnership, Amaranth International Limited, Amaranth Partners LLC, Amaranth Capital Partners LLC, Amaranth Group Inc., Amaranth Advisors (Calgary) ULC, and Matthew Donohoe.

1

LOVELL STEWART HALEBIAN LLP

Hon. Shira A. Scheindlin
July 18, 2008
Page 2


The FERC Order goes further and specifically reasons that, for example, large trading that moves prices **in order to profit another position** is one well-recognized type of manipulation even under the federal securities laws. *Id.*

Plaintiffs need the personal trading records of Defendant Hunter in order to see (a) whether "another position" of Hunter personally benefited from the movement of prices by Amaranth's large trades, or (b) whether Hunter's positions added to the effect on prices of Amaranth's large trades, or (c) whether the positions being taken by Defendant Hunter indicate that there existed adequate supervision, compliance procedures and investigation or knowledge by the other Amaranth entities, including Defendant Maounis, who appointed and employed Defendant Hunter. *U.S. v. Klein*, 2007 WL 419659, *3 (2d Cir. Feb. 5, 2007) (no abuse of discretion in allowing government to introduce evidence reflecting defendant's deposits of $3 million into brokerage accounts in order to demonstrate that defendant had personally profited from check-kiting scheme).

By themselves, the foregoing reasons require that Defendant Hunter produce his personal trading records.[2]

**II.**

Second, all three of the above decisions also denied the motions to dismiss on personal jurisdiction grounds.[3] In particular, yesterday's FERC Order, in denying Defendant Hunter's motion to dismiss on personal jurisdiction grounds, specifically reasoned that Defendant Hunter had purposely availed himself of the privilege of conducting business in the United States by placing orders on NYMEX and directing others under his supervision to place orders on NYMEX.

Thus, Defendant Hunter's personal trading records are highly relevant for the further reason that they may reflect additional transactions by Defendant Hunter, personally, on United States commodity exchanges **including** possible orders in NYMEX natural gas futures contracts. *See, e.g., Bluestone Capital Partners, L.P. v. MGR Funds Ltd.*, 1999 WL 322658, *3 (S.D.N.Y. 1999) ("It is well settled that

---

[2] Fed.R.Civ.P. 26(b); *Rubin v. Hirschfeld*, 2001 WL 34152401, at *1 (D. Conn. Oct. 22, 2001), quoting *Maresco v. Evans Chemetics, Div. of W.R. Grace & Co.*, 964 F.2d 106, 114 (2d Cir. 1992) ("[T]he scope of discovery under Fed. R. Civ. P. 26(b) is very broad, 'encompass[ing] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be the case.'"); *id* at 2 (ordering that defendant's bank account statements and credit card statements be produced to plaintiff).

[3] The FERC Order held that it is reasonable to exercise personal jurisdiction over Defendant Amaranth International Limited ("AIL") because the activities of its agent, Amaranth Advisors *et al.*, in the United States may be attributed to AIL (the principal) for purposes of determining jurisdiction over AIL. FERC Order at pp. 15-16.

**LOVELL STEWART HALEBIAN LLP**

Hon. Shira A. Scheindlin
July 18, 2008
Page 3

the quality of a non-domiciliary's contacts with New York are sufficient to confer jurisdiction when it maintains an ongoing investment account in New York and conducts securities transactions through such an account.").

For this reason alone, production of Defendant Hunter's trading records should be ordered.

### III.

Third, Plaintiffs are in the process of negotiating a comprehensive confidentiality agreement with Defendants and this would cover Defendant Hunter's personal trading records. There are no confidentiality issues.

### IV.

Fourth, Defendant Hunter previously produced these records to the CFTC. During the Rule 16 conference held on July 7, Your Honor directed that Defendants promptly produce to Plaintiffs documents they previously produced in all governmental and NYMEX investigations involving Amaranth's alleged manipulations of natural gas prices.

Defendant Hunter voiced no objection to producing such documents to Plaintiffs. The suspicious reversal in Defendant Hunter's position now indicates to Plaintiffs that there **is** something damaging to Defendants in Mr. Hunter's personal trading records that have already been produced to the CFTC.

For all the foregoing reasons, Defendant Hunter's personal trading records are clearly discoverable under Rule 26(b).

Thank you very much.

Respectfully submitted,

Christopher Lovell
Vincent Briganti
Louis Burke
*Plaintiffs' Co-Lead Counsel*

*[Handwritten annotation:]* Defendant Hunter is directed to submit the trading records for in camera review.
SO ORDERED
Dated: New York, New York
July 22, 2008
Shira A. Scheindlin
U.S.D.J.

cc: All Defendants (via electronic mail)