UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE AMARANTH NATURAL GAS
COMMODITIES LITIGATION

MASTER FILE NO. 07 Civ. 6377 (SAS)

This Document Relates To:

ALL ACTIONS

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/13/08

## STIPULATED PROTECTIVE ORDER

WHEREAS, Plaintiffs and Defendants, through their respective counsel of record, have stipulated to the following protective order pursuant to Fed. R. Civ. P. 26(c) ("Protective Order") to govern the disclosure of documents, things and information of the parties or non-parties in the above-captioned action, and have further moved this Court to so order this Protective Order; and

WHEREAS, the Court has reviewed the terms and conditions of this Protective Order submitted by the parties,

It is hereby ORDERED that:

A.    **Scope**

1.    This Protective Order governs the use and handling of documents, testimony, interrogatory responses, responses to requests for admission, depositions and deposition exhibits, electronically stored information, and other information, including all copies, excerpts and summaries thereof produced or supplied by Defendants, Plaintiffs or other individuals or entities, including non-parties to this action, whether produced or supplied pursuant to a formal discovery request or subpoena, a request made at deposition, or any other formal or informal means.

2.    All documents and other information produced pursuant to discovery in this action, and deposition testimony given in this action, shall be used only for the purposes of prosecuting or defending the above-captioned action (the "Action") or *CFTC v. Amaranth Advisors L.L.C.*, et al., pending in the U.S. District for the Southern District of New York, Case No. 07-CV-6682 (DC), or *In re Amaranth Advisors L.L.C.*, pending before the Federal Energy Regulatory Commission, Case No. IN07-26-00 (together, the "Actions"), and shall not be disclosed to any person except in accordance with the terms hereof.

3.    Under this Protective Order, any producing or supplying party (hereafter "producing party") shall have the right to identify and designate as "Confidential" any material and/or information it produces or provides, which the party believes in good faith (i) is not in the public domain (*i.e.*, not generally known and not reasonably ascertainable by proper means), unless such information is believed, in good faith, to improperly be in the public domain, and (ii) contains any trade secret or confidential research, development, or commercial information as such terms are used in Fed. R. Civ. P. 26(c)(1)(G), or information that is otherwise personally sensitive.  The party will designate such material and/or information as confidential (hereafter "designated material") if such party has a good faith belief that the designated material is entitled to confidential treatment.

4.    Confidential information as used herein means any designated material that is designated by the producing party as "Confidential" pursuant to this Protective Order, whether it is a document or information contained in a document, disclosed during a deposition or other testimony, disclosed in an interrogatory answer or otherwise disclosed.

5.    Material that is designated as Confidential and that a party believes to be extremely sensitive confidential and/or proprietary information, the disclosure of which, even limited to the restrictions placed on Confidential information in this Protective Order, may compromise and/or jeopardize the producing party's business or otherwise good faith confidentiality interests, may be designated as "Highly Confidential" by said party.

6.    Any documents designated "Confidential" or "Highly Confidential" that are filed with the Court in this Action by the producing-designating party, shall no longer be deemed "Confidential" or "Highly Confidential" unless the producing-designating party filing the documents has filed such information under seal pursuant to the procedures provided herein.

**B.    Designation of Confidentiality**

Documents or information may be designated Confidential or Highly Confidential within the meaning of this Protective Order as follows:

1.    Specific documents produced by a party shall, if appropriate, be designated as Confidential or Highly Confidential by marking each page of the document containing Confidential or Highly Confidential information with: "Confidential" or "Confidential Treatment Requested" or "Confidential-Subject To Protective Order" or "Highly Confidential" or "Highly Confidential-Subject To Protective Order" (without obscuring or defacing the document).

2.    In the case of interrogatory answers and responses to requests for admissions, if appropriate, the designation of Confidential or Highly Confidential information shall be made by means of a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated Confidential or Highly Confidential. The following shall be

-3-

placed on each page of interrogatory answers or responses to requests for admission containing

Confidential Information or Highly Confidential information: "Contains Confidential

Information" or "Contains Highly Confidential Information."

       3.     In the case of depositions and the information contained in depositions (including

exhibits), designation of the portions of the transcript (including exhibits) that contain

Confidential Information or Highly Confidential Information shall be made by a statement to

such effect on the record at any time in the course of the deposition by counsel for the party

deponent, counsel for the non-party witness, or counsel for the designating producing party, or

by letter from such counsel within thirty (30) days of receipt of the official deposition transcript

or copy thereof (or written notification that the transcript is available), listing the specific pages

and lines of the transcript that should be treated as Confidential or Highly Confidential.  The

entire deposition transcript (including exhibits) shall be treated as Highly Confidential under this

Protective Order until the expiration of the above-referenced 30-day period for designation,

except that the deponent may review the transcript of his or her own deposition during this 30-

day period.  The following shall be placed on the front of the original deposition transcript and

each copy of the transcript containing Confidential Information or Highly Confidential

Information: "Contains Confidential information" or "Contains Highly Confidential

Information."  To the extent possible, the court reporter shall segregate into a separate transcript

information designated as "Confidential" or "Highly Confidential".  The separate transcript

containing "Confidential" or "Highly Confidential" information shall have page numbers that

correspond to blank or redacted pages in the main transcript and each such page will be marked

as "Confidential" or "Highly Confidential".  If all or part of a deposition recorded by

videographic means is designated as Confidential or Highly Confidential, the recording storage medium and its container shall be so labeled.

4.      To the extent that information stored or recorded in the form of electronic or magnetic media (including information, files, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) ("computerized material") is produced by any party in such form, the producing party may designate such matter as Confidential or Highly Confidential by cover letter referring generally to such matter or by labeling such media accordingly.

5.      To the extent that any party or counsel for any party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computer, disc, network, tape, file, database or program from or containing information that it received from a producing party and that is designated Confidential and/or Highly Confidential, that party and/or its counsel must take all necessary steps to ensure that access to such media is properly restricted to those persons who, by the terms of this Protective Order, may have access to Confidential Information and/or Highly Confidential Information.  Whenever any party to whom computerized material designated as Confidential or Highly Confidential is produced reduces such material to hard-copy form, such party shall mark such hard-copy form as provided above.

## C.    <u>Disclosure of Confidential Information</u>

1.      Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and distribution of information designated Confidential.

2.    Access to information designated Confidential pursuant to this Protective Order

shall only be disclosed, summarized, described, characterized, or otherwise communicated or

made available in whole or in part to the following persons:

     a.    counsel for the parties (including partners, members, of-counsel attorneys, or associates of such counsel's firm) or in-house counsel for the parties, as well as their paralegal, investigative, secretarial and clerical personnel who are assisting such counsel in the litigation;

     b.    this Court or any other Court exercising jurisdiction with respect to the Actions; Court personnel, jurors, and persons recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in the Actions;

     c.    outside photocopying, data processing or graphic production services employed by the parties or their counsel to assist in the litigation;

     d.    any expert or consultant (or any employee of such outside expert or consultant) who is not employed by or affiliated with any party or competitor and is retained by counsel for the purposes of consulting and/or testifying in the Action;

     e.    a named-party or a director or officer of a named-party to whom the material is shown for purposes of the Actions;

     f.    (i) a person who prepared, received, reviewed, or otherwise had been provided access to the Confidential material prior to its production in the Actions; (ii) a current employee of the producing party; or (iii) witnesses or deponents, and their counsel, or potential witnesses, and their counsel, as to whom counsel has a good faith belief that such persons have relevant information regarding the Confidential material; and

     g.    any other person to whom the party producing the Confidential information agrees to disclosure to in writing in advance of the disclosure or on the record at a deposition or at a Court proceeding in advance of the disclosure.

3.    Each person to whom disclosure is made pursuant to C.2 (c)-(g) shall be given a

copy of this Protective Order and shall sign a declaration, the form of which is attached hereto as

Exhibit A, agreeing that he or she is bound by the jurisdiction of this Court and the terms of this

Protective Order.  Counsel for the party obtaining any signed copy of "Exhibit A" shall retain the

copy and need not disclose it to counsel for all other parties unless ordered to do so by the Court.

**D.    Disclosure of Highly Confidential Information**

    1.    Counsel of record are responsible for employing reasonable measures, consistent

with this Protective Order, to control access to and distribution of information designated Highly

Confidential.

    2.    Access to information designated Highly Confidential pursuant to this Protective

Order shall only be disclosed, summarized, described, characterized, or otherwise communicated

or made available in whole or in part to the following persons:

    a.    counsel for the parties (including partners, members, of-counsel attorneys, or associates of such counsel's firm) or in-house counsel for the parties, as well as their paralegal, investigative, secretarial and clerical personnel who are assisting such counsel in the litigation;

    b.    this Court or any other Court exercising jurisdiction with respect to the Actions; Court personnel, jurors, and persons recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in the Actions;

    c.    outside photocopying, data processing or graphic production services employed by the parties or their counsel to assist in the litigation;

    d.    any expert or consultant (or any employee of such outside expert or consultant) who is not employed by or affiliated with any party or competitor and is retained by counsel for the purposes of consulting, and/or testifying in the Action;

    e.    a person who prepared, received, reviewed, or otherwise had been provided access to the Highly Confidential material prior to its production in the Actions; (ii) a current employee of the producing party; or (iii) witnesses or deponents, and their counsel, or potential witnesses, and their counsel, as to whom counsel has a good faith belief that such persons have relevant information regarding the Highly Confidential material;

    f.    any other person to whom the party producing the highly confidential information agrees to so disclose in writing or on the record in advance of

the disclosure; and

g.      the named parties and for named entities, a designated representative.

3.      Each person to whom disclosure is made pursuant to D.2.(c)-(g) shall be given a copy of this Protective Order and shall sign a declaration, the form of which is attached hereto as Exhibit A, agreeing that he or she is bound by the jurisdiction of this Court and the terms of this Protective Order.  Counsel for the party obtaining any signed copy of "Exhibit A" shall retain the copy and need not disclose it to counsel for all other parties unless ordered to do so by the Court.

**E.      Restrictions And Procedures Regarding Confidential Or Highly Confidential Material**

1.      Persons receiving Confidential or Highly Confidential material are prohibited from disclosing it to any person except in conformance with this Protective Order.  The recipient of any Confidential or Highly Confidential material that is provided under this Order shall maintain such information in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary and confidential information.

2.      If any party or counsel for any party wishes to disclose any Confidential or Highly Confidential information in any affidavit, brief, memorandum of law, oral argument, or other papers filed in the Court in this Action, such papers or transcripts shall be filed under seal.

3.      If, at any time, any Confidential or Highly Confidential information in the possession, custody or control of any person other than the person who originally produced such information receives a subpoena or some other form of legal process from any court, any federal or state regulatory or administrative body or agency, legislative body or other person or entity,

the party or person to whom the subpoena or request is directed shall promptly provide written notice to the person who originally produced such information and/or to the person or party who designated the information as Confidential or Highly Confidential, which notice shall include the date set for the production of the subpoenaed information and a copy of the subpoena or request. Further, the party or person to whom the subpoena or request is directed to shall not disclose any Confidential or Highly Confidential information in response thereto without first providing the producing and/or designating party or non-party a reasonable period reasonable under the circumstances, or seven (7) business days, whichever is shorter, to inform the subpoenaed party either that it does not object to production of the information or that it will seek court protection to prevent the production.

4.    If the original producing party responds that it will not seek court protection, then the subpoenaed party may produce the information. If the original producing party fails to provide the subpoenaed party with a response as to whether or not it will object to or seek court protection, the subpoenaed party may produce the information after seven (7) business days following the subpoenaed party's notice of the subpoena to the original producing party by sending such written notice to all counsel of record for the producing party. If the original producing party does elect to seek court protection, then the subpoenaed party shall only produce the subpoenaed information if and when required to do so. The party receiving the subpoena or process shall also inform the party seeking the Confidential or Highly Confidential information that the information is governed by this Protective Order and that the parties to this Protective Order intend to keep the information Confidential and/or Highly Confidential, as appropriate. Notwithstanding the foregoing, the original producing party waives its right to object to production if it does not object to production or seek court protection on or before the date that

production is due.  In that circumstance, the subpoenaed party may provide the subpoenaed information.

5.      In the event additional parties are joined or permitted to intervene in this Action, they shall not have access to any Confidential or Highly Confidential information unless and until such parties (and their counsel) agree in writing to be bound by the terms of this Protective Order by executing a copy of "Exhibit A."

6.      Nothing herein shall restrict or limit the use of information or documents designated as "Confidential" or "Highly Confidential" at any hearing or trial, which shall be the subject of a further protective order and/or appropriate court orders.  The parties reserve the right to seek additional protective relief from the Court in connection with any such hearing or trial.

**F.      Objections to Designations**

1.      A party shall not be obliged to challenge the propriety of a Confidential or Highly Confidential information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  In the event that a party objects to the designation of any material under this Protective Order, the objecting party shall consult with the designating party to attempt to resolve their differences.  If the parties are unable to reach an accord as to the proper designation of the material, after giving notice to the party who designated the material, the objecting party may apply to the Court for a ruling that the material shall not be so designated. If no such motion is made, the material will retain its designation.  Any documents or other material that has been designated Confidential or Highly Confidential shall be treated as Confidential or Highly Confidential until such time as the Court or any magistrate judge to whom this matter is assigned rules that such material should not be treated as Confidential or

Highly Confidential, unless that ruling is subject to a stay by operation of rule or law because it is subject to appeal or review, or it is otherwise stayed by a body of competent jurisdiction. Nothing in this Protective Order alters applicable law regarding burdens of proof and presumptions as to confidentiality when challenging a Confidential or Highly Confidential designation.

**G.     Preservation of Rights and Privileges**

1.     Nothing contained in this Protective Order shall affect the right, if any, of any party, non-party or witness to make any other type of objection, claim, or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents or questions at a deposition; the right of any party or non-party to seek additional protective relief with respect to any document or information sought in the course of discovery; the right of any party to object to the admissibility, authenticity or use of an information at any hearing or trial; the right of any party to seek or compel additional discovery; the right of the parties to agree to modify, alter amend the provisions or protections provided for herein, by filing a stipulation with the Court; and the right of any party to waive in writing the provisions or protections provided for herein.  Nor shall this Protective Order be construed as a waiver by any party of any legally cognizable privilege to withhold any Confidential or Highly Confidential information, or of any right that any party may have to assert such privilege at any stage of the litigation.

2.     Nothing herein shall restrict the right of any party or non-party to use his, her, or its own documents and information designated as Confidential or Highly Confidential for any purpose whatsoever.

**H.    Return or Destruction of Material**

      1.      Within ninety (90) days after receiving notice of the entry of a final non-appealable order, judgment or settlement with respect to all claims in this Action, all parties and non-parties having Confidential or Highly Confidential information shall, absent a court order or written agreement to the contrary, either return such information and all copies thereof to counsel for the producing party or non-party or, alternatively, shall destroy such information, in which case the party destroying the information shall attest in writing to counsel for the party that produced it that the information in their possession, as well as the information provided to others in accordance with the Protective Order, has been destroyed.  As to the material that contains or reflects Confidential or Highly Confidential information, but that constitutes or reflects counsel's work product, counsel of record for the parties shall be entitled to retain such work product in their files in accordance with the provisions of this Protective Order, so long as it is clearly marked to reflect that it contains information subject to this Protective Order.  Counsel shall be entitled to retain pleadings, affidavits, motions, briefs, other papers filed with the Court, deposition transcripts, and the trial record (including exhibits) even if such material contain Confidential or Highly Confidential information, so long as such material is clearly marked to reflect that they contain such information.

**I.    Inadvertent or Unintentional Disclosure**

      1.      Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy or proprietary interest with respect to any document or information. Inadvertent production or disclosure of any document, information or communication subject to a claim of privilege, right of privacy or proprietary interest by any party or non-party shall not be

deemed or construed as a waiver of any applicable privilege, including, but not limited to, any waiver of any applicable attorney-client or work product privilege either generally or specifically with respect to particular documents, testimony or information and/or the subject matter thereof. Upon receipt of notice in writing that such privileged material was produced or disclosed inadvertently, produced materials (including all copies thereof) as to which a claim of privilege is asserted shall promptly be returned to the producing party or non-party and the party to whom the material was disclosed shall destroy all notes relating to the material, and attest to the producing party in writing of any such destruction.

After the return of such privileged or otherwise protected from disclosure material and receipt of a privilege log, any party may in good faith object to the designation of any document, communication or information as privileged by providing written notice of such objection. The grounds for any objection shall be stated with reasonable particularity and shall not make use of the contents of the document, communication or information, except as may be provided in the Federal Rules of Civil Procedure. The parties and affected non-parties shall thereafter attempt to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved within 20 days, the objecting party may, within 10 days thereafter, apply to the Court, on reasonable notice, for an order that the document, communication or information is not privileged. This application may not make use of the contents of the document, communication or information, except as may be provided in the Federal Rules of Civil Procedure. If requested, the producing party shall provide the challenged material to the Court for in-camera review. The privileged status of such information shall remain in effect pending the final determination of any application.

2.    A producing party that inadvertently fails to designate material as Confidential or Highly Confidential pursuant to this Protective Order at the time of its production shall be entitled to make a correction to its designation. Such correction and notice thereof shall be made in writing within a reasonable time after discovery of the inadvertent mis-designation, accompanied by substitute copies of each item of material, appropriately designated. Those individuals who received the material prior to notice of mis-designation by the producing party shall within five (5) days of receipt of the substitute copies, destroy or return to the law firm representing the producing party all copies of such mis-designated documents, and inform all persons to whom the mis-designated materials have been disclosed to of the re-designation. If the individuals who received the mis-designated material choose to destroy it rather than return it, they shall attest that they have destroyed it and all copies to the law firm representing the producing party. Those individuals who reviewed the mis-designated material prior to notice of the mis-designation by the producing party shall abide by the provisions of this Protective Order with respect to the use and disclosure of any information contained in the mis-designated material.

3.    In the event of an inadvertent disclosure of another's party designated Confidential or Highly Confidential document, communication of information, the party making or aware of the inadvertent disclosure shall, upon learning of the disclosure: (1) promptly notify the person(s) to whom the disclosure was made that it contains Confidential or Highly Confidential information subject to this Protective Order; (2) promptly make all reasonable efforts to obtain the return of the document, communication or information and to prevent further dissemination of it; and (3) within five days (holidays and weekends included) notify the

-14-

producing party of the identity of the person(s) to whom disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure any use or further dissemination of it.

**J.    Miscellaneous**

1.    A party's compliance with the terms of this Protective Order shall not operate as an admission that any particular material is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial.

2.    A non-party who is obligated to provide discovery in this Action by deposition, production of documents, or otherwise, shall be afforded the protections of this Protective Order upon signing the declaration attached hereto as Exhibit A.  By signing such declaration, the non-party also agrees to be bound by the terms of this Protective Order.

3.    Neither the termination of this Action, the Actions or any related proceedings nor the termination of employment of any person who has had access to any Confidential or Highly Confidential information, or the contents thereof, shall relieve such person of his or her obligations hereunder, which shall survive.

4.    Upon the final resolution of this Action, any party may seek leave to reopen this Action to enforce the provisions of this Protective Order.

5.    This Protective Order is binding on all parties to this Action.  This Protective Order is also binding on all non-parties who have signed the attached Exhibit A.  This Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by further Order of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

Dated: August __9__, 2008

*For Plaintiffs:*

LOUIS F. BURKE, PC

By: _____
Louis F. Burke, Esq.
460 Park Avenue, 21st Floor
New York, NY 10022
(212) 682-1700

LOWEY DANNENBERG COHEN &
HART, P.C.

By:_____
Vincent Briganti, Esq.
White Plains Plaza, Suite 509
One North Broadway
White Plains, NY 10601-2310
(914) 997-0500

LOVELL STEWART HALEBIAN, LLP

By: _Christopher Lovell_
Christopher Lovell, Esq.
500 Fifth Avenue, 58th Floor
New York, NY 10110
(212) 608-1900

*For Defendants:*

BINGHAM MCCUTCHEN, LLP
(DC)

By:_____
Geoffrey F. Aronow, Esq.
2020 K Street, NW
Washington, DC 20006-1806
(212)912-2000

DAVIS POLK & WARDWELL

By: _____
Amelia T.R. Starr, Esq.
Dharma Frederick, Esq.
Sheldon Pollock, Esq.
450 Lexington Avenue
New York, NY 10017
(212) 450-4516

SIMPSON THACHER & BARTLETT LLP

By: _____
Mark J. Stein, Esq.
Brijesh Dave, Esq.
425 Lexington Avenue
New York, NY 10017
(212) 455-2310

WINSTON & STRAWN LLP

By: _____
Steven Schwartz, Esq.
David Mollon, Esq.
200 Park Avenue
New York, NY 10166
(212) 294-6700

-16-

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

Dated: August __8__, 2008

*For Plaintiffs:*

LOUIS F. BURKE, PC

By:_____
Louis F. Burke, Esq.
460 Park Avenue, 21st Floor
New York, NY 10022
(212) 682-1700

LOWEY DANNENBERG COHEN &
HART, P.C.

By:_____
Vincent Briganti, Esq.
White Plains Plaza, Suite 509
One North Broadway
White Plains, NY 10601-2310
(914) 997-0500

LOVELL STEWART HALEBIAN, LLP

By:_____
Christopher Lovell, Esq.
500 Fifth Avenue, 58th Floor
New York, NY 10110
(212) 608-1900

*For Defendants:*

BINGHAM MCCUTCHEN LLP
(DC)

By:_____
Geoffrey F. Aronow, Esq.
2020 K Street, NW
Washington, DC 20006-1806
(212)912-2000

DAVIS POLK & WARDWELL

By: _____
Amelia T.R. Starr, Esq.
Dharma Frederick, Esq.
Sheldon Pollock, Esq.
450 Lexington Avenue
New York, NY 10017
(212) 450-4516

SIMPSON THACHER & BARTLETT LLP

By: _____
Mark J. Stein, Esq.
Brijesh Dave, Esq.
425 Lexington Avenue
New York, NY 10017
(212) 455-2310

WINSTON & STRAWN LLP

By: _____
Steven Schwartz, Esq.
David Mollon, Esq.
200 Park Avenue
New York, NY 10166
(212) 294-6700

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

Dated: August ___8___, 2008

*For Plaintiffs:*

    LOUIS F. BURKE, PC                LOVELL STEWART HALEBIAN, LLP

    By:_____           By:_____
    Louis F. Burke, Esq.                    Christopher Lovell, Esq.
    460 Park Avenue, 21st Floor          500 Fifth Avenue, 58th Floor
    New York, NY 10022               New York, NY 10110
    (212) 682-1700                    (212) 608-1900

    LOWEY DANNENBERG COHEN &
    HART, P.C.

    By:_____
    Vincent Briganti, Esq.
    White Plains Plaza, Suite 509
    One North Broadway
    White Plains, NY 10601-2310
    (914) 997-0500

*For Defendants:*

    BINGHAM MCCUTCHEN, LLP     SIMPSON THACHER & BARTLETT LLP
    (DC)

    By:_____           By: /s/ Joshua Levine
    Geoffrey F. Aronow, Esq.          Mark J. Stein, Esq.
    2020 K Street, NW               Joshua A. Levine, Esq.
    Washington, DC 20006-1806      Brijesh Dave, Esq.
    (212)912-2000                 425 Lexington Avenue
                           New York, NY 10017
                           (212) 455-2310

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

Dated: August ⸍8⸍, 2008

*For Plaintiffs:*

LOUIS F. BURKE, PC

By:_____
Louis F. Burke, Esq.
460 Park Avenue, 21st Floor
New York, NY 10022
(212) 682-1700

LOWEY DANNENBERG COHEN &
HART, P.C.

By:_____
Vincent Briganti, Esq.
White Plains Plaza, Suite 509
One North Broadway
White Plains, NY 10601-2310
(914) 997-0500

LOVELL STEWART HALEBIAN, LLP

By:_____
Christopher Lovell, Esq.
500 Fifth Avenue, 58th Floor
New York, NY 10110
(212) 608-1900

*For Defendants:*

BINGHAM MCCUTCHEN, LLP
(DC)

By:_____
Geoffrey F. Aronow, Esq.
2020 K Street, NW
Washington, DC 20006-1806
(212)912-2000

DAVIS POLK & WARDWELL

By: Amelia T.R. Starr
Amelia T.R. Starr, Esq.
Dharma Frederick, Esq.
Sheldon Pollock, Esq.
450 Lexington Avenue
New York, NY 10017
(212) 450-4516

SIMPSON THACHER & BARTLETT LLP

By: _____
Mark J. Stein, Esq.
Brijesh Dave, Esq.
425 Lexington Avenue
New York, NY 10017
(212) 455-2310

WINSTON & STRAWN LLP

By: _____
Steven Schwartz, Esq.
David Mollon, Esq.
200 Park Avenue
New York, NY 10166
(212) 294-6700

-16-

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

Dated: August _8_, 2008

*For Plaintiffs:*

LOUIS F. BURKE, PC

By: _____
Louis F. Burke, Esq.
460 Park Avenue, 21st Floor
New York, NY 10022
(212) 682-1700

LOWEY DANNENBERG COHEN &
HART, P.C.

By: _____
Vincent Briganti, Esq.
White Plains Plaza, Suite 509
One North Broadway
White Plains, NY 10601-2310
(914) 997-0500

LOVELL STEWART HALEBIAN, LLP

By: _____
Christopher Lovell, Esq.
500 Fifth Avenue, 58th Floor
New York, NY 10110
(212) 608-1900

*For Defendants:*

BINGHAM MCCUTCHEN, LLP
(DC)

By: _____
Geoffrey F. Aronow, Esq.
2020 K Street, NW
Washington, DC 20006-1806
(212)912-2000

DAVIS POLK & WARDWELL

By: _____
Amelia T.R. Starr, Esq.
Dharma Frederick, Esq.
Sheldon Pollock, Esq.
450 Lexington Avenue
New York, NY 10017
(212) 450-4516

SIMPSON THACHER & BARTLETT LLP

By: _____
Mark J. Stein, Esq.
Brijesh Dave, Esq.
425 Lexington Avenue
New York, NY 10017
(212) 455-2310

WINSTON & STRAWN LLP

By: _____
Steven Schwartz, Esq.
David Mollon, Esq.
200 Park Avenue
New York, NY 10166
(212) 294-6700

-16-

KOBRE & KIM LLP

By 

Michael Kim, Esq.
800 Third Avenue
New York, NY 10022
(212) 488-1200

ALSTON & BIRD LLP

By: _____

Craig Carpenito, Esq.
Karl Geercken, Esq.
Amber Wessels, Esq.
90 Park Avenue
New York, NY 10016
(212) 210-9400

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

By: _____

Eric S. Goldstein, Esq.
Daniel Toal, Esq.
Mark Pomerantz, Esq.
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000

_____

Steven R. Goldberg, Esq.
One North End Avenue, Suite 1107
New York, NY 10282
(212) 845-5100

SO ORDERED this ____ day of August

_____

**SHIRA A. SCHEINDLIN, U.S.D.J.**

KOBRE & KIM LLP

By_____
Michael Kim, Esq.
800 Third Avenue
New York, NY 10022
(212) 488-1200

ALSTON & BIRD LLP                    PAUL, WEISS, RIFKIND, WHARTON &
                                     GARRISON LLP

By:_____            By: _____
Craig Carpenito, Esq.                Eric S. Goldstein, Esq.
Karl Geercken, Esq.                  Daniel Toal, Esq.
Amber Wessels, Esq.                  Mark Pomerantz, Esq.
90 Park Avenue                       1285 Avenue of the Americas
New York, NY 10016                   New York, NY 10019
(212) 210-9400                       (212) 373-3000


_____
Steven R. Goldberg, Esq.
One North End Avenue, Suite 1107
New York, NY 10282
(212) 845-5100


                    SO ORDERED this _____ day of August


                    _____
                    **SHIRA A. SCHEINDLIN, U.S.D.J.**

KOBRE & KIM LLP


By_____
Michael Kim, Esq.
800 Third Avenue
New York, NY 10022
(212) 488-1200

ALSTON & BIRD LLP                    PAUL, WEISS, RIFKIND, WHARTON &
                                     GARRISON LLP

By: _____             By: _____
Craig Carpenito, Esq.                Eric S. Goldstein, Esq.
Karl Geercken, Esq.                  Daniel Toal, Esq.
Amber Wessels, Esq.                  Mark Pomerantz, Esq.
90 Park Avenue                       1285 Avenue of the Americas
New York, NY 10016                   New York, NY 10019
(212) 210-9400                       (212) 373-3000


_____
Steven R. Goldberg, Esq.
One North End Avenue, Suite 1107
New York, NY 10282
(212) 845-5100


                         SO ORDERED this ____ day of August


                         _____
                         **SHIRA A. SCHEINDLIN, U.S.D.J.**

KOBRE & KIM LLP

By_____
Michael Kim, Esq.
800 Third Avenue
New York, NY 10022
(212) 488-1200

ALSTON & BIRD LLP

By: _____
Craig Carpenito, Esq.
Karl Geercken, Esq.
Amber Wessels, Esq.
90 Park Avenue
New York, NY 10016
(212) 210-9400

Steven R. Goldberg, Esq.
One North End Avenue, Suite 1107
New York, NY 10282
(212) 845-5100

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP

By: _____
Eric S. Goldstein, Esq.
Daniel Toal, Esq.
Mark Pomerantz, Esq.
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3000

SO ORDERED this _13_ day of August

_____
SHIRA A. SCHEINDLIN, U.S.D.J.

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

___ _____ _____ _____

IN RE AMARANTH NATURAL GAS
COMMODITIES LITIGATION

MASTER FILE NO. 07 Civ. 6377 (SAS)

This Document Relates To:

ALL ACTIONS

_____ _____ _____ _____

## CERTIFICATION

1.  My name is _____.

2.  I live at _____.

3.  I am employed as (state position) _____

4.  by (state name and address of employer) _____.

5.  I have read the Protective Order that has been entered in this case, and a copy of it

has been given to me. I understand the provisions of this Order, and agree to comply with and to

be bound by its provisions.

6.  I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, _____ by _____

Signed: _____

-18-