UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: AMARANTH NATURAL GAS COMMODITIES LITIGATION<br><br>This Document Relates To:<br>ALL ACTIONS | MASTER FILE NO.<br>07 CIV. 6377 (SAS) |

**DECLARATION OF CHRISTOPHER J. GRAY
IN SUPPORT OF PLAINTIFFS' AND CLASS COUNSEL'S MOTION FOR AN AWARD
OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

CHRISTOPHER J. GRAY declares as follows pursuant to 17 U.S.C. §1746:

1.  I am the principal of Law Office of Christopher J. Gray, P.C., one of the attorneys for Plaintiffs in the above-captioned matter.

2.  I submit this declaration in support of Plaintiffs' and Class Counsel's Motion For An Award of Attorneys' Fees and Reimbursement of Expenses.

3.  Set forth below are my firm's legal services rendered in this case, the lodestar value of those services and the expenses reasonably incurred by my firm in connection with this litigation for which reimbursement is requested.

4.  My firm acted as co-counsel (with Louis F. Burke, P.C.) for Plaintiff Roberto E. Calle Gracey herein.

5.  Among others, the tasks undertaken by my firm herein were as follows:

    a.  Investigation and filing of first-filed complaint;

    b.  negotiations and meetings concerning leadership of Plaintiffs' counsel and preparation of court filings concerning same;

    c.  preparation of consolidated amended complaints, including without limitation sections concerning agency liability of master and feeder funds under Commodities Exchange Act Section 2(a)(1), liability of floor brokers, and "slam the close" allegations;

1

d. preparation of memoranda of law in opposition to motions to dismiss, including without limitation sections concerning agency liability of master and feeder funds under Commodities Exchange Act Section 2(a)(1) and floor broker liability;

e. preparation/editing of memorandum of law in connection with motion for temporary restraining order;

f. document review and coding and supervision of team of attorneys in connection with document review and coding;

g. maintenance of "hot documents" file including instant messages evidencing manipulative intent of defendants;

h. preparation of subpoenas *duces tecum* to New York Mercantile Exchange ("NYMEX") and subsequent negotiations concerning document production by NYMEX;

i. preparation of document requests to floor brokers and subsequent negotiations concerning document production by floor brokers;

j. preparation of subpoenas *duces tecum* to Merrill Lynch and Goldman Sachs;

k. preparation and service of subpoenas *ad testificandum* to floor broker personnel, and preparation of exhibits and compilations of trading data for floor broker depositions;

l. negotiations with staff counsel of Federal Energy Regulatory Commission ("FERC") concerning production of unredacted pleadings, transcripts and other documents from FERC litigation;

m. preparation/editing of sections of memorandum of law in support of motion for class certification;

n. attendance at and assistance in conduct of depositions;

o. preparation/editing of memorandum summarizing inconsistencies in deposition testimony of Defendants' personnel;

p. attendance at and assistance in mediations and settlement conferences (including in connection with preparation/editing of mediation statement and factual summaries concerning mediation);

q. preparation of discovery pleadings, including without limitation initial disclosures and Plaintiffs' responses to Defendants' Requests for Admissions;

r.  preparation of Plaintiffs and expert witnesses for depositions;

s.  preparation of and editing of expert reports;

t.  negotiations and communications with staff counsel of U.S. Senate Permanent Subcommittee on Investigations ("PSI") concerning production of backup materials for PSI report and review of such materials upon production; and,

u.  preparation of response to Rule 11 letter from defendant JPMorgan Chase.

6. The schedule below is a detailed summary indicating the amount of time spent by the undersigned and the attorneys acting as of counsel to my firm who were involved in this litigation, and the lodestar calculation based on my firm's current billing rates. The schedule was prepared from contemporaneous, daily time records regularly prepared and maintained by my firm and its of counsel attorneys, which are available at the request of the Court. Time expended in preparing this application for fees and reimbursement of expenses has not been included in this request.

| Attorneys | Rate | Hours | Charges |
| --- | --- | --- | --- |
| Christopher J. Gray | $535 | 2,203.0 | $1,178,605.00 |
| Beverly M. Ma | $395 | 344.7 | $136,156.50 |
| Gregory S. Collett | $395 | 14.5 | $5,727.50 |
| **TOTALS** | | 2,562.2 | $1,320,489.00 |

7. As set forth in the above schedule, the total number of hours expended on this litigation by my firm is 2,562.2 hours. The total lodestar for my firm is $1,320,489.00.

8. The hourly rates for the attorneys included in the above schedule are consistent with rates that have been accepted and approved in prior complex class action litigation in this District.

9. My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

10. My firm has incurred a total of $136,461.62 in un-reimbursed expenses in connection with the prosecution of this litigation. The vast majority of this sum constitutes contributions to the litigation fund (109,000.00 paid to Louis F. Burke, P.C.) and $25,000.00 paid to expert witness Stephen Kelly. The remaining expenses are as follows: Transportation $764.80; bond $666.40; filing fee $350.00; messengers $216.94; electronic research $170.00; copying $161.48; witness fees $90.00; and meals $42.00.

11. The above expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records and other source materials and represent an accurate record of the expenses incurred.

3

12. With respect to the standing and background of my firm, attached as Exhibit 1 hereto is a firm resume for Law Office of Christopher J. Gray, P.C., of which the undersigned is the sole full-time attorney. Beverly M. Ma, Esq., who acted as counsel to my firm and performed substantial services in connection with this matter, has over 20 years of litigation experience including with major law firms in New York and Southern California, is licensed in New York (as well as in other jurisdictions), and is a graduate of Yale University and the University of Colorado School of Law. Gregory S. Collett, Esq., another of counsel attorney who performed services in connection with this matter, has over 14 years of experience including with the U.S. Commodities Futures Trading Commission, a national law firm, and a major investment bank, is licensed in New York, and is a graduate of Colgate University and George Washington University Law School. Full resumes for Ms. Ma and Mr. Collett are available at the Court's request. The credentials and time records of other of counsel attorneys who performed substantial work in connection with a document review supervised by the undersigned are set forth in a separate declaration to be submitted by Louis F. Burke, P.C., my firm's co-counsel herein.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 8th day of March, 2012

_____
CHRISTOPHER J. GRAY

# EXHIBIT 1



# Christopher J. Gray, P.C.

**LAW OFFICE OF
CHRISTOPHER J. GRAY, P.C.
460 Park Avenue, 21st Floor
New York, New York 10022
(212) 838-3221
(212) 937-3139 (fax)
newcases@investorlawyers.net
www.investorlawyers.net**

Since 2004, the Law Office of Christopher J. Gray, P.C. has represented clients, primarily plaintiffs, in complex litigation, arbitration, and trials and appeals. The firm has represented plaintiffs in class actions, shareholder derivative actions and other complex litigation in the state and federal courts. Additionally, the firm represents and has represented individual investors in arbitration proceedings before the Financial Industry Regulatory Authority ("FINRA", formerly the National Association of Securities Dealers) and the National Futures Association.

Christopher J. Gray, the principal of the firm, has significant experience representing plaintiffs in complex litigation and litigation under the Commodities Exchange Act. Mr. Gray currently is one of the counsel for plaintiffs in a class action under the Commodities Exchange Act that has been resolved for $77.1 million, pending judicial approval. See In re Amaranth Natural Gas Commodities Litig., Docket No. 07-CV-6377 (SAS). While associated with his former firm, Mr. Gray assisted in representing the plaintiffs in a class action in which plaintiffs obtained reportedly the largest recovery ever under the Commodities Exchange Act, $145.35 million. See In re Sumitomo Copper Litig., 194 F.R.D. 480 (S.D.N.Y. 2000) (Pollack, J.) (certifying non-continuous class period of over two years). Mr. Gray currently represents one or more plaintiff in several other class actions alleging commodities manipulation and violations of the Commodities Exchange Act and/or the antitrust laws, including In re Platinum and Palladium Commodities Litig., No. 10 Civ. 3617 (WHP) (alleging end-of-day trading that created artificial prices in platinum and palladium futures) DeAngelis v. Corzine, No. 11 Civ. 7866 (VM), In re Crude Oil Commodity Futures Litig., No. 11 Civ. 3600 (WHP), and In re Commodity Exchange, Inc. Silver Futures and Options Trading Litig., No. 1:11-md-02213 (RPP).

In 2006-07, Mr. Gray served as court-appointed Lead Counsel in a class action in the Supreme Court of the State of New York, in which the plaintiff obtained class certification and secured a substantial recovery for a class of shareholders of a former Nasdaq-listed corporation. The class included shareholders who were involuntarily cashed out of the stock of Niagara Corp. pursuant to a reverse stock split. (Spring Partners, LLC v. Scharf, Docket No. 601004/05). Minority

shareholders who were cashed out at $8.47 a share (where management later sold the company for $16.00 a share in a going private transaction) who submitted proofs of claim to the settlement claims administrator received over $10.00 a share in additional consideration in connection with the settlement. Mr. Gray also represented a class of Texas stockbrokers in a class action for unpaid overtime against a major financial services firm that was resolved (along with a number of other cases) as part of a nationwide $43.5 million settlement.

While associated with his former firm, in 2002 Mr. Gray obtained a $1.01 million jury verdict in an action under Section 10(b) of the Securities Exchange Act of 1934. (Herbert Black v. Finantra Capital, Inc., S.D.N.Y. Docket No. 02-CV-6819 (JSR)). In 2002, Mr. Gray investigated and filed the first class action complaint alleging accounting fraud against WorldCom. (Albert Fadem Trust v. Worldcom, Inc., S.D.N.Y. Docket No. 02-CV-3288 (DLC) (alleging massive accounting fraud in April 2002, some two month before Worldcom's fraud was "revealed").
With his current and former firms, Mr. Gray has represented the plaintiffs in the following reported cases, among others:

In re Platinum and Palladium Commodities Litig., No. 10 Civ. 3617 (WHP), 2011 U.S. Dist. LEXIS 105040 (S.D.N.Y. Sept. 13, 2011)

In re Amaranth Natural Gas Commodities Litigation, 711 F. Supp. 2d 301 (S.D.N.Y. 2010) (attaching $72.4 million in assets of hedge fund in action alleging manipulation of natural gas commodities futures by hedge fund) 269 F.R.D. 366 (S.D.N.Y. 2010) (certifying class); 612 F. Supp. 2d 376 (S.D.N.Y. 2008) (denying in substantial part defendants' motions to dismiss complaint).

Crowe v. JPMorgan Chase & Co, No. 09-CV-778, 2009 U.S. Dist. LEXIS 107961 (S.D.N.Y. Nov. 18, 2009) (denying plaintiffs' request that case not be consolidated with other shareholder actions against JPMorgan on behalf of shareholders of the former Bear Stearns Companies Inc.

Slayton v. American Express Co., 460 F.3d 215 (2d Cir. 2006) (obtaining reversal of U.S. District Judge's ruling that shareholder class action on behalf of American Express shareholders against company and executive officers was untimely).

Univest Network, LLC v. AT&T Corp., No. 04-CV-9868 (MGC), 2006 WL 1017679 (S.D.N.Y. Apr. 19, 2006) (holding that press releases incorporated by reference in prospectus for stock offering are statement deemed to be made as of the date of the prospectus for purposes of liability under Section 11 of Securities Act of 1933).

Sung ex rel. Lazard Ltd. v. Wasserstein, 415 F. Supp. 2d 393 (S.D.N.Y. 2006) (remand to Supreme Court of the State of New York granted; state law derivative action was not preempted under Securities Litigation Uniform Standards Act of 1998).

Berger v. Scharf, No. 600935/05, 2006 WL 825171 (N.Y. Sup. Ct. N.Y. Cty. March 29, 2006)(denying defendants' motion to dismiss complaint in shareholder class action).

Black v. Finantra Capital, Inc., 418 F.3d 203 (2d Cir. 2005) (reversing district court's grant of judgment notwithstanding verdict pursuant to Fed. R. Civ. P. 50(b)).

In re Amaranth Natural Gas Commodities Litigation, --- F.Supp.2d ----, 2008 WL 4501247(S.D.N.Y. October 6, 2008) (denying in part defendants' motions to dismiss class action alleging massive manipulation of natural gas commodities futures prices by hedge fund during 2006).

In re Agape Litig., 681 F. Supp. 2d 352 (E.D.N.Y. 2010).

In re FBR, Inc. Sec. Litig., 544 F. Supp. 2d 346 (S.D.N.Y. 2008).

Multi-Juice, S.A. v. Snapple Beverage Corp., No. 02-CV-4635 (RPP), 2005 WL 1138470 (S.D.N.Y. May 12, 2005).

In re Electronic Data Sys. Corp. Sec. and ERISA Litig., 298 F. Supp. 2d 544 (E.D. Tex. 2004).

Albert Fadem Trust v. Duke Energy Corp., 214 F. Supp. 2d 314 (S.D.N.Y. 2002).

Butigian v. Port Authority of New York and New Jersey, 266 A.D.2d 133, 699 N.Y.S.2d 41 (1st Dep't 1999)[1].

Mr. Gray was admitted to the bar in New York in 1997 and is a member of the bars of the U.S. District Courts for the Eastern, Southern and Western Districts of New York, the U.S. District Court for the Eastern District of Texas, the U.S. District Court for the Northern District of Ohio, the U.S. Court of Appeals for the Second Circuit and the U.S. Supreme Court. Mr. Gray is a member of the American Bar Association, the New York State Trial Lawyers Association, the American Association for Justice (f/k/a Association of Trial Lawyers of America), and the Public Investors Arbitration Bar Association (in which he serves on the Legislation and Self-Regulatory Organization Committee).

Mr. Gray holds a J.D. degree from Georgetown and a B.A. from the University of Wisconsin.

---

[1] Gray represented defendants/appellees.