UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| IN RE: AMARANTH NATURAL GAS COMMODITIES LITIGATION | ) ) ) ) ) | MASTER FILE NO. 07 CIV. 6377 (SAS) |
| This Document Relates To: | ) ) | **ECF Case** |
| ALL ACTIONS | ) ) | |

## FINAL ORDER AND JUDGMENT

This matter came for a duly-noticed hearing on April 9, 2012 (the "**Final Approval Hearing**"), upon Plaintiffs' Motion for Final Approval of Settlement with Defendant ALX Energy, Inc., Defendant James DeLucia and non-party Vincent Rufa (collectively, the "**Settling Defendants**") in the above-captioned action (the "**Manipulation Class Action**"), which was joined and consented to by the Settling Defendants.  Due and adequate notice of the Stipulation and Agreement of Settlement dated December 22, 2011 (the "**Settlement Agreement**") having been given to the members of the Class, the Final Approval Hearing having been held and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefor, and a determination having been made expressly pursuant to Rule 54(b) of the Federal Rules of Civil Procedure that there is no justification for delay, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.      This Final Order and Judgment hereby incorporates by reference the definitions in the Settlement Agreement and all terms used herein shall have the same meanings as set forth in the Settlement Agreement.

2.      The Court hereby finally certifies the Class, as defined in the Court's January 3, 2012 Order Preliminarily Approving Proposed Settlement, Scheduling Hearing for Final Approval thereof, and Approving the Proposed Form and Program of Notice to the Class.  Based on the record, the Court reconfirms that the applicable provisions of Rule 23 of the Federal Rules of Civil Procedure have been satisfied and the Manipulation Class Action has been properly maintained according to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure ("**Rule 23(a)**" and "**Rule 23(b)(3)**," respectively).  Specifically, the Court finds that the Class satisfies the numerosity requirement of Rule 23(a).  There were approximately one thousand large and floor traders during the Class Period and large and floor traders comprise only a small number of the total traders in a given market.  Accordingly, even if the subset of traders holding the long and/or short positions required to qualify as Class members is a relatively small subset of the total number of NYMEX traders, the Class is sufficiently large to meet the numerosity requirement.  The typicality requirement of Rule 23(a) is likewise satisfied.  The named Plaintiffs and the absent Class members transacted in the same contracts, in the same centralized marketplace, were allegedly negatively impacted by the same common course of allegedly manipulative conduct for which the same group of defendants is alleged to be legally responsible for the damages.  The adequacy requirement of Rule 23(a) is similarly met because the named Plaintiffs' claims arise from the same events or course of alleged misconduct as the other Class members and are based on the same legal theory.  The Class also meets the related requirements of commonality under Rule 23(a) and predominance under Rule 23(b)(3).  Success in the Manipulation Class Action requires demonstrating that: (1) the defendants possessed an ability to influence market prices; (2) an artificial price existed; (3) the defendants caused the artificial price; and (4) the defendants specifically intended to cause the artificial price.  Each of these elements is susceptible to class-wide evidence and methods of proof.  The superiority

2

requirement of Rule 23(b)(3) is also satisfied.  The Manipulation Class Action involves more than one thousand potential claimants who are asserting claims based on common issues. Claimants likely have no interest in pursuing their own claims, which may be prohibitively small. Adjudicating individual claims would also be a significant waste of judicial resources.  This final certification supersedes the certification reflected in the Order entered by the Court on September 27, 2010.

3.      This Court has jurisdiction over the subject matter of the Manipulation Class Action and over all parties to the Manipulation Class Action.

4.      The Court finds that due process and adequate notice have been provided pursuant to Rule 23 of the Federal Rules of Civil Procedure to all members of the Class, notifying the Class of, among other things, the pendency of the Manipulation Class Action and the proposed Settlement.

5.      The notice provided was the best notice practicable under the circumstances and included individual notice to those members of the Class who Lead Counsel were able to identify through reasonable efforts.  The Court finds that notice was also given by publication in two publications, as set forth in the Affidavit of Katherine Livesay of Rust Consulting, Inc. Regarding Notice and Claims Administration dated March 12, 2012 and previously submitted. Such notice fully complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process of law, and applicable law.  The Court further finds that the Settling Defendants have complied with the obligations imposed on them under the Class Action Fairness Act of 2005, Pub. L. 109-2, Feb. 18, 2005, 119 Stat. 4.

6.      Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed

3

to all Class members of their right to object to the Settlement. A full and fair opportunity was accorded to all members of the Class to be heard with respect to the foregoing matters.

7.      The Court finds that no members of the Class have requested to be excluded from the Class pursuant to the Class Notice.

8.      It is hereby determined that all Members of the Class are bound by this Final Order and Judgment.

9.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement, as set forth in the Settlement Agreement, and finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of the Class, including Plaintiffs. This Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's length negotiations between experienced counsel representing the interests of the Parties. Accordingly, the Settlement embodied in the Settlement Agreement is hereby approved in all respects. The Parties are hereby directed to carry out the Settlement Agreement in accordance with all of its terms and provisions, including the termination provisions.

10.     Notwithstanding the provisions of any other paragraph of this Final Order and Judgment, if the Settlement Agreement is terminated, then, by automatic operation of this paragraph, this Final Order and Judgment shall be null and void except for the provisions in this paragraph; Plaintiffs' claims shall be reinstated; Settling Defendants' defenses shall be reinstated; and the Parties shall be returned to their respective positions before the Settlement Agreement was signed. Any termination of the Settlement Agreement shall be dependent upon the realization of the condition subsequent that Plaintiffs' claims shall not be dismissed or if they have been dismissed that Plaintiffs' claims are reinstated. If Plaintiffs' claims are dismissed and not reinstated, then any termination of the Settlement Agreement shall be null and void.

11.    The Court reserves exclusive jurisdiction over the implementation and enforcement of the Settlement Agreement and the Settlement contemplated thereby and the enforcement of this Final Order and Judgment.  The Court also retains exclusive jurisdiction to resolve any disputes that may arise with respect to the Settlement Agreement or the Settlement. In addition, without affecting the finality of this judgment, the Parties hereby irrevocably submit to the exclusive jurisdiction of the United States District Court for the Southern District of New York for any suit, action, proceeding or dispute arising out of or relating to this Final Order and Judgment or the Settlement Agreement.

12.    The Court hereby approves the Releasing Parties' releases of claims as set forth in the Settlement Agreement.  Under the terms and conditions set forth in the Settlement Agreement, each and every one of the Releasing Parties hereby releases and forever discharges, to the fullest extent permitted by law, the Released Parties from and against any and all manner of claims, demands, actions, suits, causes of action, damages whenever incurred, liabilities of any nature and kind whatsoever, including without limitation costs, expenses, penalties and attorneys' fees, known or unknown, suspected or unsuspected, in law or equity, that each and every one of the Releasing Parties ever had, now has, or hereafter can, shall or may have, directly, representatively, derivatively or in any other capacity, arising in any way from the Released Claims.  Each Releasing Party hereby covenants and agrees that he/she/it shall not sue or otherwise seek to establish or impose liability against any Released Party based, in whole or in part, on any of the Released Claims.  Each Releasing Party hereby expressly waives and releases any and all provisions, rights, and benefits conferred by § 1542 of the California Civil Code, which reads:

> **Section 1542.  <u>General release extent</u>.  A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the**

5

**release, which if known by him or her must have materially affected his or her settlement with the debtor[.]**

Each Releasing Party also hereby expressly waives and releases any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or other jurisdiction, or principle of common law, which is similar, comparable or equivalent to §1542 of the California Civil Code. Each Releasing Party may hereafter discover facts other than or different from those which he, she or it knows or believes to be true with respect to the Released Claims, but each Releasing Party has expressly waived and fully, finally and forever settles and releases any known or unknown, suspected or unsuspected, contingent or non-contingent claim that would otherwise fall within the definition of Released Claims, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts. The releases given by the Releasing Parties shall be and remain in effect as full and complete releases of the claims set forth in the Actions, notwithstanding the later discovery or existence of any such additional or different facts relative hereto or the later discovery of any such additional or different claims that would fall within the scope of the release provided in Section 5 of the Settlement Agreement, as if such facts or claims had been known at the time of this release. The Releasing Parties are hereby expressly enjoined from asserting any of the Released Claims against any of the Released Parties.

13.     The Settlement is not and shall not be deemed or construed to be an admission, adjudication or evidence of any violation of any statute or law or of any liability or wrongdoing by the Settling Defendants or any of the Released Parties or of the truth of any of the claims or allegations alleged in the Actions. The Settlement Agreement, including its exhibits, and any and all negotiations, documents and discussions associated with it, shall be without prejudice to the rights of any party, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by the Settling Defendants, or of

6

the truth of any of the claims or allegations, or of any damage or injury. Evidence of this Settlement or the negotiation of this Settlement shall not be discoverable or used directly or indirectly, in any way, whether in the Manipulation Class Action or in any other action or proceeding of any nature, except in connection with a dispute under this Settlement or an action in which this Settlement is asserted as a defense.

14.     Protection Against Contribution

(a)     Claims by any Other Defendant against any Released Party for contribution or indemnity (however denominated) for all or a portion of any amounts any such Other Defendant has paid or may pay in the Action, or in any action brought by or on behalf of the Class arising from or related to the claims or allegations asserted in the Action, by way of settlement, judgment, or otherwise, are hereby barred.

15.     The Court finds that during the course of the Manipulation Class Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

16.     If any deadline imposed herein falls on a non-business day, then the deadline is extended until the next business day.

17.     There is no just reason for delay in the entry of this Final Order and Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Signed this 16th day of April, 2012, at the Courthouse for the United States District Court for the Southern District of New York.

Hon. Shira A. Scheindlin
United States District Court Judge