```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/11/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- X

IN RE AMARANTH NATURAL GAS
COMMODITIES LITIGATION

------------------------------------------------------- X

MEMORANDUM
OPINION AND ORDER

07 Civ. 6377 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

I. INTRODUCTION

Plaintiffs filed this class action on behalf of futures traders that purchased, sold, or held natural gas futures or options on futures contracts between February 16, 2006 and September 28, 2006 (the "Class Period"). Plaintiffs allege that during the Class Period, the Amaranth Defendants manipulated the prices of New York Mercantile Exchange ("NYMEX") natural gas futures contracts in violation of sections 6(c), 6(d), and 9(a)(2) of the Commodity Exchange Act (the "CEA") and the remaining defendants were secondarily liable for such manipulation.

On December 13, 2011, the parties executed a Stipulation of Settlement ("Stipulation") that settled these claims in exchange for $77.1 million in cash. Following the Court's preliminary approval of the proposed settlement,[1]

---

[1] *See* 1/3/12 Order [Docket No. 376].

1

plaintiffs moved for Final Approval of Class Action Settlements.[2] Plaintiffs' counsel also moved for an Award of Attorneys' Fees and Reimbursement of Expenses.[3] A fairness hearing was held on April 9, 2012, and two groups of objectors were heard. I approved the settlement and entered final judgment on April 10, 2012, while retaining jurisdiction over the plan of allocation and attorneys' fees.[4] On May 22, 2012, I approved an amended plan of allocation. In this Memorandum Opinion and Order I resolve the sole remaining issue – attorneys' fees and expenses. For the reasons stated below, plaintiffs' counsels' motion for an Award of Attorneys' Fees and Reimbursement of Expenses is granted, but not for the amounts requested.

## II.   ATTORNEYS' FEES AND EXPENSES

Plaintiffs' counsel request $1,662,613.08 in expenses. In support of these expenses, plaintiffs' counsel have submitted a summary expense report for each firm. These costs include routine expenses relating to copying, court fees, postage and shipping, phone charges, legal research, and travel and transportation.

---

[2] *See* Docket No. 379.

[3] *See* Docket No. 382.

[4] *See* Docket No. 404.

2

The bulk of the expenses were used to pay for experts and consultants.[5] One group of objectors has filed an objection to plaintiffs' expenses and fees.[6] At a conference held on May 22, 2012, the Floor Broker Objectors withdrew this objection.[7] The expenses total approximately two percent of the Settlement Amount.

I find that these expenses are reasonable. These expenses, particularly those attributable to professional services, were a contributing factor to achieving

---

[5] See 3/12/12 Declaration of Christopher M. McGrath in Support of Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Expenses; 3/12/12 Declaration of Geoffrey M. Horn in Support of Plaintiffs' and Class Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Expenses; 3/12/12 Declaration of Louis F. Burke in Support of Plaintiffs' and Class Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Expenses; 3/8/12 Declaration of Christopher J. Gray in Support of Plaintiffs' and Class Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Expenses; 3/7/12 Declaration of Bernard Persky in Support of Plaintiffs' and Class Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Expenses; 3/8/12 Declaration of Robert M. Rothman on Behalf of Robbins Geller Rudman & Dowd LLP in Support of Plaintiffs' and Class Counsel's Motion for an Award of Attorneys' Fees and Expenses.

[6] 3/19/12 Objections to Class Action Settlement and Notice of Intent to Appear of Class Members James McCormack, et al. (the "Floor Broker Objectors"). The Floor Broker Objectors consist of twenty-seven individuals who were members of NYMEX and traded natural gas futures contracts during the Class Period.

[7] See 5/22/12 Tr.

the settlement[8] because commodities litigation requires extensive amounts of expert testimony. Accordingly, I grant plaintiffs' counsel $1,662,613.08 in expenses.

In addition to expenses, plaintiffs' counsel also request a fee of one-third of the Settlement Amount, or $25.7 million.[9] Although I intend to use the percentage method to award fees in this matter, the lodestar is often used as a cross-check. Plaintiffs represent that the aggregate loadstar for all plaintiffs' firms is $28,014,724.20 for 49,113.54 hours.[10] Thus, the requested fee represents a multiplier of 0.92. Because the lodestar is being used merely as a cross-check, it is unnecessary for the Court to delve into each hour of work that was performed by counsel to ascertain whether the number of hours reportedly expended was reasonable.[11] After reviewing the supporting declarations, which include a

---

[8] *See In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 468 (S.D.N.Y. 2004).

[9] *See* Memorandum in Support of Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Expenses at 1.

[10] *See id.* at 7.

[11] *See Goldberger v. Intergrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000) (citing *In re Prudential Ins. Co. Am. Sales Litig.*, 148 F.3d 283, 342 (3d Cir. 1998) ("Of course, where [the lodestar is] used as a mere cross-check, the hours documented by counsel need not be exhaustively scrutinized by the district court.").

summary of the hours expended by and the billing rates for every attorney, paralegal, and staff member that worked on this litigation, I find that $28,014,724.20 is a reasonable lodestar for the time expended by plaintiffs' firms.

I further find that a fee of thirty percent, or $23,130,000, is reasonable after assessing the *Goldberger* factors. This fee is close to the standard range for fee awards given under *Goldberger*.[12]

*First*, I find that the time and labor expended by plaintiffs' counsel support a thirty-percent fee. Plaintiffs' counsel have invested approximately 49,113 hours in these actions. They have survived a motion to dismiss and successfully moved for class certification. They also expect additional time to be expended administering and distributing the settlement funds. Plaintiffs' counsel have devoted substantial time and effort to this matter, justifying the awarded fee.

*Second*, this action, like the relatively few commodities manipulation class actions, has been complex and time consuming. The awarded fee is reasonable compensation considering the size and complexity of this litigation.

*Third*, the risk of this litigation also supports the awarded fee. "It is

---

[12] See Theodore Eisenberg & Geoffrey Miller, *A New Look at Judicial Impact: Attorneys' Fees in Securities Class Actions After* Goldberger v. Integrated Resources, Inc., 29 Wash. U. J.L. & Pol'y 5, 18 (2009) (noting that mean and median fee awards under *Goldberger* have been 26.03% and 27.25%, respectively).

well-established that litigation risk must be measured as of when the case is filed."[13] Commodities litigation entails ample risks to plaintiffs in establishing liability and damages. However, in this case, plaintiffs followed in the footsteps of investigations by NMYEX and the Commodity Futures Trading Commission ("CFTC").[14] Certain defendants in this action were also defendants in an action brought by the CFTC that related to the same underlying facts.[15] The CFTC action resulted in a consent order in which Amaranth settled for $7.5 million and was enjoined from further violations of the relevant provisions of the Commodity Exchange Act.[16] Given the assistance provided by the NYMEX and CFTC investigations and the rather small size of the settlement in comparison to the amount of time expended by plaintiffs' counsel, a multiplier of 0.825 is necessary so that class members will receive adequate compensation.

*Fourth*, I find that plaintiffs' counsel ably represented the interests of

---

[13] *Id.* at 55 (citations omitted).

[14] *See In re Amaranth Natural Gas Commodities Litig.*, 587 F. Supp. 2d 513, 526 (S.D.N.Y. 2008).

[15] *See CFTC v. Amaranth Advisors, LLC*, 554 F. Supp. 2d 523 (S.D.N.Y. 2008).

[16] *See CFTC v. Amaranth Advisors, LLC*, No. 07 Civ. 6682, Docket No. 73 (S.D.N.Y. Aug. 12, 2008). The consent order was entered only with respect to the Amaranth entities; proceedings against individual defendant Brian Hunter are still ongoing.

the Class. This factor supports the awarded fee.

*Fifth*, I find that a 30% fee is reasonable in relation to the settlement. Plaintiffs' counsel have obtained a reasonable settlement in light of the Amaranth Defendants' financial difficulties, but the settlement amount is by no means extraordinary. A 30% fee is reasonable in relation to the amount of the settlement because it compensates plaintiffs' counsel for their efforts, but it also ensures that class members receive an adequate recovery.

*Sixth*, I find that the awarded fee is adequate to further the public policy of encouraging private lawsuits to protect investors. Plaintiffs' counsel will recover most of their lodestar and will recover all expenses invested in these lawsuits. In these actions, the awarded fee sufficient to further public policy goals. Plaintiffs' counsel should not be encouraged to bring suits where the costs pale in comparison to the potential recovery.

After reviewing the *Goldberger* factors I award plaintiffs' counsel fees of 30% of the Settlement Amount, or $23,130,000. This fee should adequately compensate – but not overcompensate – counsel for their time and labor. The award of fees and expenses are intended to compensate plaintiffs' counsel for all of the time and labor spent until the conclusion of this litigation, including that associated with the distribution of the settlement fund.

7

## III. CLASS REPRESENTATIVES

The Class Notice stated that class representatives could seek reimbursement of expenses and compensation for time devoted to the litigation in an amount not to exceed $200,000, indicating that such a request would be made at the time the settlement fund was disbursed. Because plaintiffs' counsel have not yet moved for an award for class representatives, I retain jurisdiction over awards for class representatives if any such motion is made in the future.

## IV. CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Award of Attorneys' Fees and Reimbursement of Expenses is granted, but not for the amounts requested. This case, and all related cases, shall remain closed.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         June 8, 2012

## - Appearances -

**For Plaintiffs:**

Bernard Persky, Esq.
Gregory Scott Asciolla, Esq.
Labaton Sucharow, LLP
140 Broadway
New York, NY 10005
(212) 907-0868

Christopher Lovell, Esq.
Ian Trevor Stoll, Esq.
Lovell Stewart Halebian LLP
500 Fifth Avenue
New York, NY 10110
(212) 608-1900

Vincent Briganti, Esq.
Geoffrey Milbank Horn, Esq.
Lowey Dannenberg Cohen & Hart, P.C.
White Plains Plaza
One North Broadway, Suite 509
White Plains, NY 10601
(914) 997-0500

Robert M. Rothman, Esq.
Samuel Howard Rudman, Esq.
Fainna Kagan, Esq.
Coughlin, Stoia, Geller, Rudman &
Robbins, LLP
58 South Service Road, Suite 200
Melville, NY 11747
(631) 367-7100

Louis Fox Burke, Esq.
Leslie Wybiral, Esq.
Louis F. Burke, P.C.
460 Park Avenue, 21st Floor
New York, NY 10022
(212) 682-1700

Christopher J. Gray, Esq.
Christopher J. Gray PC
460 Park Avenue, 21st Floor
New York, NY 10022
(212) 838-3221

**For Defendants Amaranth Advisors L.L.C., Amaranth Advisors (Calgary) ULC, Amaranth Group Inc., Amaranth Management Limited Partnership, Amaranth International Advisors, L.L.C.:**

Steven Michael Schwartz, Esq.
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166
(212) 294-4748

Kristen Victoria Grisius, Esq.
Stephen J. Senderowitz, Esq.
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL 60601
(312) 558-6062

**For Defendant Nicholas M. Maounis:**

Geoffrey Aronow, Esq.
Catherine Risdon Murphy, Esq.
Bingham McCutchen LLP
2020 K Street, NW
Washington, DC 20006-1806
(202) 912-2000

Peter Curtis Neger, Esq.
Theo J. Robins, Esq.
Bingham McCutchen LLP
399 Park Avenue
New York, NY 10022
(212) 705-7961

**For Defendant ALX Energy, Inc.:**

Steven R. Goldberg, Esq.
One North End Avenue, Suite 1107
New York, NY 10282
(212) 845-5100

**For Defendant Brian Hunter:**

Michael Sangyun Kim, Esq.
Zaharah Rachel Markoe, Esq.
Kobre & Kim LLP
800 Third Avenue
New York, NY 10022
(212) 586-9151

**For Defendant Amaranth LLC:**

Amelia Temple Redwood Starr, Esq.
Sheldon Leo Pollock, III, Esq.
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017
(212) 450-4516

**For Defendant Amaranth International Ltd.:**

Adam Selim Hakki, Esq.
Herbert S. Washer, Esq.
Kirsten N. Cunha, Esq.
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022
(212) 848-4924

**For Defendant TFS Energy Futures LLC:**

Karl Geercken, Esq.
Alan Mark Kanzer, Esq.
Amber C. Wessels, Esq.
Craig Carpenito, Esq.
Alston & Bird, LLP
90 Park Avenue
New York, NY 10016
(212) 210-9400

**For Defendant Matthew Donohoe:**

Brijesh Pradyuman Dave, Esq.
Joshua Adam Levine, Esq.
Mark J. Stein, Esq.
Simpson Thacher & Bartlett LLP
425 Lexington Avenue
New York, NY 10017
(212) 455-3315

**For the J.P. Morgan Defendants:**

Daniel John Toal, Esq.
Eric S. Goldstein, Esq.
Marguerite Sophia Dougherty, Esq.
Mark Floyd Pomerantz, Esq.
Jason Harold Wilson, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 373-3869